Filed June 24, 1893.

No. 776.

DAVIS v. ELLIOTT ET AL.

MECHANIC'S LIEN.—Forfeiture of.—Leasehold Interest.—Foreclosure of Mortgage. — Executory Contract of Conveyance. — Forfeiture of. — Where labor is done and materials are furnished on buildings, and the person for whom the work was done and materials furnished is in possession of the real estate under an executory contract of conveyance, and a notice of mechanic's lien therefor was duly filed, the mechanic's lien, upon a forfeiture of the executory contract, does not come within the provision of section 1706, Elliott's Supp., whereby the lien subsists against the buildings upon which labor and material were expended, in case of forfeiture of leasehold or foreclosure of mortgage.

From the Elkhart Circuit Court.

L. Chamberlain and P. L. Turner, for appellant.
J. D. Osborne and A. S. Zook, for appellees.

GAVIN, C. J.—The appellee Conn executed to Elliott a title bond for a certain vacant lot, for which Elliott was to pay in monthly instalments.

Davis *v.* Elliott *et al.*

By the terms of the contract time was made of the essence of the contract, and it was provided that upon default of any payment "this contract shall be and become absolutely null and void as to the rights of said second party (Elliott), and said first party shall be relieved herefrom" without any liability upon the part of Conn to repay any moneys paid.

In such event, right of possession of the realty and all improvements thereon was to vest immediately in Conn. Elliott took possession and moved upon the lot an old house from Conn's farm.

This house he repaired and also erected a small stable on the lot. For these improvements appellant's furnished material and did work, after which, in due time, they filed notice of a mechanic's lien on the lot and buildings.

Elliott paid nothing whatever on the lot, and in nine months Conn commenced suit in ejectment and recovered possession of the property, and afterwards sold it. Appellants prosecuted this action to enforce their lien.

Section 1706, Elliott's Supplement, makes this provision concerning mechanic's liens: "Where the owner has only a leasehold interest, or the land is encumbered by mortgage, the lien, so far as concerns the buildings erected by said lien holder, is not impaired by the forfeiture of the lease for rent or foreclosure of mortgage." Prior to the enactment of this statute it was well established that the rights of the holder of a mechanic's lien were subordinate to the rights of a prior mortgagee, and as against a landlord or a vendor by a title bond, extended no further than the rights of the lessee or vendee. *Hopkins* v. *Hudson*, 107 Ind. 191; *People's Savings, etc., Ass'n* v. *Spears*, 115 Ind. 297; *Neeley* v. *Searight*, 113 Ind. 316; *Close* v. *Hunt*, 8 Blackf. 254; *Bishop* v.

*Boyle*, 9 Ind. 169; *Hanch* v. *Ripley*, 127 Ind. 151; Phillips on Mechanic's Liens, section 237.

Counsel for appellants, however, insist that by this statute the law has been changed, and that they are entitled to a lien against the buildings, although not against the land. They urge that they can see no reason why the Legislature should give the mechanic a lien on the buildings as against a prior mortgagee or a lessor by an ordinary lease, and not as against the vendor by executory contract. While this proposition might well be answered in the affirmative, still the rights of parties are to be determined not by what the Legislature might well have done, but by what it has actually done.

It is argued that the term "leasehold," as used in this statute, "should be so construed by this court as to include cases like the one in question, construing the word to have a broad enough significance to cover any case where the party was in lawful possession of the real estate under a contract for the sale of land or otherwise."

No authority is cited in support of this proposition. Nor do we deem the court justified in giving to the term "leasehold" such a broad interpretation. To do so would be doing the extremest violence to the provisions of the statute. It is the province of the Legislature and not of the court to define the cases in which a first lien shall attach to the buildings. This the Legislature has done in language plain and unambiguous, leaving no room for judicial construction.

The word used is one in common use, the meaning of which is generally understood both by members of the legal profession and others.

The right created by the contract in this case is entirely destitute of any characteristic feature of a leasehold interest. It is simply an executory contract of purchase and sale: Only this and nothing more.

Whether or not a purchaser under a title bond might acquire an equitable interest in the land which would be liable to a mechanic's lien, notwithstanding forfeiture clauses, is a question not presented for our determination here.

The relief sought by appellants is the right to subject to their lien the building freed from Conn's claim. This they can not do, not because the judgment rendered in favor of Conn in the action to which they were not parties, operates as an adjudication against them, but because all the evidence, when considered together, fails to show that they have any claim superior to Conn's right to both the land and the buildings which are a part of the land. *Callaway* v. *Freeman*, 29 Ga. 408; *Logan and Cook* v. *Taylor*, 20 Ia. 297; *English* v. *Foote*, 8 S. & M. (Miss.) 444.

Neither section 225, of Phillips on Mech. Liens, nor the case of *King* v. *Smith*, 44 N. W. Rep. 65, cited by counsel, lend any support to the proposition that appellants have any right superior to Conn.

Judgment affirmed.

Filed June 21, 1893.