## RUSCHE *v.* PITTMAN.

[No. 4,675.  Filed November 29, 1904.]

1.  MECHANIC'S LIENS.—*Extent of.*—Where a person is in possession of real estate under a contract of purchase and title bond, he can not defeat or cloud the vendor's title by suffering a mechanic's lien to be filed against the real estate for repairs to buildings situate upon it.  p. 160.

From Superior Court of Vanderburgh County; *J. H. Foster,* Judge.

Action by Henry Rusche against Annie Pittman.  From a decree for defendant, the plaintiff appeals.  *Affirmed.*

*H. M. Logsdon, D. Q. Chappell* and *A. J. Veneman,* for appellant.

*J. E. Williamson,* for appellee.

WILEY, J.—A demurrer to appellant's complaint was sustained by the trial court, and that ruling is the only question presented by the appeal.

The complaint avers that appellee sold to one Loigorte Arnold certain real estate, by a written contract, and executed to her a bond for a deed, by the terms of which appellee bound herself, upon the full payment of the purchase money, which was to be paid in monthly instalments, to convey to said Arnold; that the vendee took possession of the real estate, and occupied the same until her death; that during said time she paid appellee a part of the consideration, and that at the time of her death she was hopelessly insolvent, and left no property or assets whatever with which to pay debts; that after she took possession of said property she employed appellant to make certain repairs on the dwelling-house situate thereon; that appellant, under said employment, performed labor of the value of $29; that within sixty days of the time of completing said repairs he filed notice of his intention to hold a lien on said real estate and dwelling-house for the amount of his said claim, which notice of lien was duly and timely recorded in the recorder's office, etc.; that after the death of the said Loigorte Arnold, appellee declared forfeited and canceled said contract and bond, and took possession of said real estate, and still holds the same from the heirs of the said Loigorte Arnold, under the terms of the said bond. The complaint avers that the vendee paid a part of the purchase money under her contract, but does not state what the entire purchase price was as fixed by the contract. The prayer of the complaint is that said lien be enforced, and the real estate be sold to satisfy appellant's claim.

1. The single question presented by the complaint for

our determination is this :   Can a party in possession of real estate under a contract of purchase, accompanied by a title bond binding the vendor to convey the property upon the payment of the full purchase price, cause or suffer a mechanic's lien which the holder thereof may enforce against the premises in derogation of the legal title of the vendor ? In other words, under such facts, can the vendor's title be divested or clouded by a mechanic's lien based upon some repairs made upon existing buildings at the instance and request of the vendee ?

The law decisive of the question under consideration has been definitely settled in this jurisdiction.   The case of the *People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, is in point.   There, appellant sold to appellee Spears certain real estate, under a contract of purchase, and put him in possession thereof.   While exercising control and ownership over the property, with the knowledge and consent of appellant, he employed appellee Fawcett to make some additions to or repairs upon the building situate on the real estate.   Fawcett made the repairs, and filed his notice of mechanic's lien on the real estate and building for the amount thereof.   This lien was foreclosed, and the property sold to Mrs. Fawcett in pursuance of the decree of foreclosure taken by Mr. Fawcett against Spears.   Appellant brought its action to recover possession of and quiet title to the real estate.   Mrs. Fawcett filed a cross-complaint setting up the above facts in regard to the lien and foreclosure, and averred, among other things, that she had no notice of the claim or ownership of the appellant at the time of her purchase at the foreclosure sale.   The demurrer to her cross-complaint was sustained.   The Supreme Court affirmed that ruling, and the ground of the decision is clearly and fully stated by Mitchell, J., in the following language:   "The fact that Spears was in possession under a contract of purchase, gave him no authority to overreach

Vol. 34—11

the plaintiff's title by contracting for repairs. Spears could bind his interest under his contract of purchase, and no more. Presumably the plaintiff's title was of record. That the purchaser in possession under a contract of purchase made improvements or repairs with the knowledge and consent of the vendor, did not estop the latter to assert its prior title. Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of property. *Neeley* v. *Searight* [1888], 113 Ind. 316; *Hopkins* v. *Hudson* [1886], 107 Ind. 191; *Wilkerson* v. *Rust* [1877], 57 Ind. 172; *McCarty* v. *Burnet* [1882], 84 Ind. 23."

This court, in the case of *Davis* v. *Elliott* (1893), 7 Ind. App. 246, passed upon the question we are now considering. It was there held that where labor is done and materials are furnished on buildings, and the person for whom the work was done and materials furnished was in possession of the real estate under an executory contract of conveyance, and a notice of mechanic's lien therefor was duly filed, the mechanic's lien upon a forfeiture of the executory contract did not come within the provision of §1706 Elliott's Supp. 1889 (being §7256 Burns 1901, Acts 1889, p. 257, §2), whereby the lien subsists against the buildings upon which labor and material were expended in case of forfeiture of leasehold or foreclosure of mortgage.

The case of *Thorpe Block Sav., etc., Assn.* v. *James* (1895), 13 Ind. App. 522, is in point, and is in harmony with the other cases cited. These authorities are conclusive upon the proposition that one in possession of real estate under a contract of purchase and title bond can not defeat or cloud the vendor's title by suffering a mechanic's lien to be filed against the property for repairs to buildings situate upon it.

It follows, therefore, that the court properly sustained the demurrer to the complaint, and the judgment is affirmed.