## RIPLEY *v.* LEMCKE.

[No. 6,617. Filed February 25, 1909.]

1. PLEADING.—*Complaint.*—*Possession.*—*Notice to Quit.*—*Landlord and Tenant.*—A complaint for the possession of rented premises need not allege a demand for the rent due in order to determine the tenancy, where it alleges that by contract the rent was payable in advance, that a failure to pay the rent when due should terminate such tenancy without notice, and that, on such failure to pay, plaintiff should have the immediate right of possession. p. 338.

2. PLEADING.—*Answer.*—*Sustaining Demurrer to Paragraphs of.*—*Facts Provable Under Other Paragraphs.*—It is not erroneous to

sustain a demurrer to paragraphs of answer, where the facts therein alleged are provable under other paragraphs of answer. p. 339.

3. LANDLORD AND TENANT.—*Payment of Rent.*—Where a tenant agreed to pay his rent in advance on a certain day of each month, the landlord was under no obligation to call upon him more than once on such day; and if the tenant desired to pay at a later hour in the day, it was his duty to seek the landlord and make the payment. p. 339.

From Marion Circuit Court (14,348); *Henry Clay Allen,* Judge.

Action by Julius A. Lemcke against Warwick H. Ripley. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Warwick H. Ripley* and *Edwin W. Spencer,* for appellant.

*Hawkins, Smith & Hawkins,* for appellee.

ROBY, J.—Action by appellee to recover possession, and damages for the wrongful detention of leased office rooms in a building owned by him. The lease was executed for a period of one year, and provided that

"Warwick H. Ripley hereby agrees to pay as rent for said premises the sum of $20 per month, said rent to be paid on the 10th day of each month in advance."

A condition of the lease was:

"On the failure to pay rent when the same is due * * * the same shall terminate at once without notice, and said J. Augustus Lemcke, his representatives and assigns, may enter upon and take possession of said premises and expel the occupant thereof without in anywise being a trespasser."

The action was brought before a justice of the peace on August 11, 1905. Appellant appealed to the Marion Circuit Court, and remained in possession of the property until January 9, 1906. A demurrer to appellee's second amended complaint was overruled, and a general denial was filed.

Demurrers were sustained to the second and third paragraphs of answer. The case was tried April 16, 1907. Special findings were made and conclusions of law stated thereon. Motions to modify the findings and for a new trial were overruled. Judgment was rendered for damages at the rate of $20 per month for the time appellant remained in possession. Error is alleged, in overruling the demurrer to the complaint, sustaining the demurrer to the answers, in the conclusions of law, and in overruling the motion for a new trial.

The special findings show that the rent of the rooms was payable in advance on the 10th day of each month; that on August 10, 1905, one month's rent was due; that appellee's collector called upon appellant about 10 o'clock a. m. and demanded payment; that appellant tendered $11 on account, which was refused; that the collector notified appellant that he must pay all of said rent by 4 o'clock p. m. of that day; that appellee did not call at appellant's rooms after 10 o'clock a. m. to collect the rent, and that appellant went to appellee's office in said building after 5 o'clock p. m., taking with him $20 with which to pay the rent, but that the office was closed and locked.

It is contended that the complaint is bad for failing to allege a demand of the rent on the premises just before sunset on the day the rent was due—that such demand

1. is necessary to work a forfeiture of the lease for nonpayment of the rent. *Phillips* v. *Doe* (1851), 3 Ind. 132; *Bacon* v. *Western Furniture Co.* (1876), 53 Ind. 229; *Jenkins* v. *Jenkins* (1878), 63 Ind. 415, 30 Am. Rep. 229. But where rent is payable in advance, and the lease contains a provision that no notice of forfeiture is necessary on failure to pay rent to terminate the lease, no demand or notice is necessary. §8059 Burns 1908, §5213 R. S. 1881; *Ingalls* v. *Bissot* (1900), 25 Ind. App. 130; *Thomas* v. *Walmer* (1897), 18 Ind. App. 112; *Faylor* v. *Brice* (1893), 7 Ind. App. 551, 554; *McNatt* v. *Grange Hall Assn., etc.*

(1891), 2 Ind. App. 341. For this reason also demurrers to the second and third paragraphs of answer were correctly sustained. The allegations of these paragraphs, moreover, were provable under the general denial, hence there was no error in sustaining the demurrer. §1101 Burns 1908, §1155 R. S. 1881. In this case the landlord was under no obligation to make further demand for the payment of the rent. If appellant desired at a later time in the day to pay the rent, he should have gone to the appellee and made the payment.

Other points raised by appellant are immaterial. The cause was fairly tried below, and the judgment is affirmed.