## Toner *v.* Whybrew et al.

[No. 7,604. Filed May 14, 1912.]

1. Appeal.—*Briefs.—Waiver of Error.*—Error assigned, but not urged in appellant's brief, is waived. p. 390.
2. Appeal.—*Assignment of Errors.—Waiver.—Effect on Other Assignment Presenting Same Question.*—Appellant's waiver of error in the court's ruling on demurrer to a paragraph of complaint proceeding on appellant's right to a lien on a building erected on appellee's premises, did not operate as a waiver of his right to present the same question by assignment of error in overruling his motion to modify the judgment and decree so as to give him a lien on the building and an order for the sale thereof to satisfy the lien. p. 390.
3. Mechanics' Lien.—*Statutory Right.*—The lien of a mechanic or materialman has its existence by virtue of the statute alone. p. 392.
4. Mechanics' Lien.—*Statutory Right.—Determination of Persons Entitled to Lien.—Construction of Statute.*—A mechanic's lien is in derogation of the common law, and no one is allowed its benefits except those who are embraced within its provisions, and, in ascertaining who such persons are, the statute is strictly construed. p. 392.
5. Mechanics' Lien.—*Rights of Mechanic.—Construction of Statute.*—Where a mechanic or materialman clearly comes within the provisions of the mechanic's lien statute, the statute is given a liberal construction to the end that he shall have the protection the statute was intended to give. p. 392.
6. Mechanics' Lien.—*Lien for Materials.—Building on Land Held Under Contract of Purchase.—Statute.*—The provisions of §8295 Burns 1908, Acts 1899 p. 569, and §8296 Burns 1908, Acts 1889 p. 259, giving to materialmen a lien upon the building for which materials are furnished by them, and on the interest of the owner of the land on which it stands or with which it is connected to the extent of the value of such materials, and providing that where the owner has only a leasehold interest, or the land is encumbered by mortgage, the lien, so far as concerns the building, is not impaired by forfeiture of the lease or foreclosure of the mortgage, but that such building may be sold to satisfy the lien, do not apply in favor of one furnishing materials for a building erected by a vendee in possession of the land under a contract of purchase, such vendee having contracted for the materials on his own behalf and not as the agent of the vendor. pp. 393, 394.

7. MECHANICS' LIEN.—*Right to Lien.*—*Consent of Owner.*—*Statute.*—In order that a lien may attach to property under §8295 Burns 1908, Acts 1899 p. 569, for material furnished in a building erected thereon, the material must be furnished by the authority and direction of the owner, his mere inactive consent being insufficient.  p. 394.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by Albert D. Toner against Walter Whybrew and others.  From a judgment for plaintiff against defendant Whybrew and in favor of his co-defendants, the plaintiff appeals.  *Affirmed.*

*A. D. Toner, Jr.,* and *I. Conner,* for appellant.
*David E. Rhoades* and *John F. Lawrence,* for appellees.

HOTTEL, J.—Appellant brought this action against appellee Whybrew to foreclose a materialman's lien.  Joseph Musselman and Anna Musselman, his wife, were made parties to the action to answer as to any interest which they might claim in the property in question and are the active appellees in this appeal.  They also filed a cross-complaint, asking that title to the property be quieted in them.

The cause was tried by the court, which rendered a general finding, and found for appellant as against appellee Whybrew, and rendered personal judgment against said Whybrew, but on the cross-complaint, found that appellees Musselman and Musselman were the owners of the property in question, free of any claim of appellant under the materialman's lien sued on, and rendered judgment for appellees.  Appellant accordingly moved to modify the court's finding and judgment so as to entitle appellant to the sale of the building erected on the real estate described in the complaint.  This motion and the motion for a new trial were overruled and appellant now relies on and urges error in each of such rulings.

The material facts in this case are as follows:  On April 6, 1903, appellees Musselman and Musselman, then owners by entireties of the real estate described in the complaint,

entered into a contract, in the nature of a title bond, with appellee Whybrew, and therein agreed to sell the real estate to him, Whybrew contracting to pay for the same in seven annual payments of $100 each, and to assume and pay a certain mortgage thereon. The contract further provided that should Whybrew fail to pay said mortgage when due, or should he fail to make any annual payment thereunder according to the terms of the contract, and said default should continue for twenty days, the vendors might take possession of said real estate, and all payments made should be considered as rent, and should belong to vendors, and from that time the contract should be annulled, and the purchasers should have no rights whatever in said lands or in payments theretofore made. The contract also contained the following provision: "The year he (Whybrew) builds on the place he need not pay any part of the principal, provided said building shall be worth $100, and shall pay the interest due and all the payments shall be extended one year."

This contract was placed of record.

Whybrew took full possession of the real estate under the contract, and continued in possession thereof until February 24, 1905. In the fall of 1903 he built a frame dwelling house on said land, and used in its construction the materials sold to him by appellant. On January 2, 1904, within the time allowed by law, appellant filed notice of his intention to hold a lien on the real estate and improvements for the value of the materials furnished. Aside from the initial payment of $100, Whybrew made no payments in accordance with the terms of the contract, and on February 24, 1905, moved off of the property, and surrendered possession to the Musselmans. During his occupancy of the property he received in rents and profits therefrom, a sum considerably larger than that which he paid on the contract.

The motion to modify, on which the error is predicated, is not merely a motion to modify the judgment, but is a motion

to modify the general finding and judgment so as to show certain enumerated facts, as well as additional provisions in the judgment and decree.

Whether the independent question of error on account of a refusal of the lower court to modify its judgment on proper motion is before this court, is open to doubt, but the motion is lengthy, and a discussion of this phase of the case is unimportant, in view of the conclusion we have reached on the merits of the case.

The complaint in this case was in three paragraphs. The third paragraph, which sought the enforcement of the lien as against the building alone, was held insufficient as against demurrer. Appellees filed a cross-complaint, setting up the facts substantially as we have indicated them in the statement of facts above. A demurrer to this cross-complaint was overruled by the court below. Appellant, in his brief, urges neither the ruling on the demurrer to his third paragraph of complaint, nor the ruling on the demurrer to appellees' cross-complaint, as error. These assigned errors are therefore waived. In this connection appellees insist that by waiving these assigned errors appellant has also waived the error on the motion to modify.

The third paragraph of the complaint, proceeding on the theory of appellant's right to a lien only on the building erected on appellees' premises, presented the alleged error relied on at the point of its origin in the lower court. After sustaining the demurrer to this paragraph, the court, if right in this ruling, properly overruled the motion to modify the finding and judgment, the purpose of such motion being to have the judgment and decree modified so as to give to appellant a lien on said building and an order of sale of the building to satisfy the same.

While the question sought to be presented by the motion to modify might have been more properly presented by the other rulings, yet we do not understand that a waiver of

the presentation of the other rulings necessarily waives a presentation of this alleged error, even though the same question is attempted to be presented thereby.

The question we are asked to determine is, Does a materialman who furnishes materials used in a building erected on real estate by a vendee in possession thereof, under a contract of purchase, thereby obtain a lien *on such building* to the extent of the material furnished and used therein, as against the legal owner and vendor of such real estate, after a surrender to him of the possession and rights of such vendee under his contract of purchase, when such material was furnished under a contract with such vendee alone, such vendee having made such contract in his own behalf and not as the agent of the vendor?

The answer to this question depends on the construction to be given to our mechanics' lien statutes. These sections, and the parts of the same, here involved, are as follows: §8295 Burns 1908, Acts 1899 p. 569. "That contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing material or machinery for the erection, altering, repairing or removing any house, mill, * * * may have a lien separately or jointly upon the house, mill, * * * which they may have erected, altered, repaired or removed, or for which they may have furnished material or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of any labor done, material furnished, or either * * *." §8296 Burns 1908, Acts 1889 p. 259. "The entire land upon which any such building, erection or other improvement is situated, including that portion not covered therewith, shall be subject to lien to the extent of all the right, title and interest owned therein by the owner thereof, for whose immediate use or benefit such labor was done or material furnished; and where the owner has only a leasehold interest, or the land is incumbered by mortgage,

the lien, so far as concerns the buildings erected by said lien-holder, is not impaired by forfeiture of the lease for rent or foreclosure of mortgage; but the same may be sold to satisfy the lien and removed within ninety days after the sale by the purchaser.''

The lien of a mechanic or materialman has its existence by virtue of statute alone. *Davis & Rankin Bldg., etc., Co.* v. *Vice* (1896), 15 Ind. App. 117, 44 N. E. 889; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 232, 40 N. E. 152; *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 516, 86 N. E. 837, 131 Am. St. 267.

This lien is in derogation of the common law, and no one is allowed its benefits except those who are embraced within its provisions, and, in ascertaining who such persons are, the statute is strictly construed. *Cincinnati, etc., Railroad* v. *Shera* (1905), 36 Ind. App. 315, 75 N. E. 293; *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N. E. 273; *Potter Mfg. Co.* v. *A. B. Meyer & Co., supra.*

But where it is clear that one falls within the protection of the statute, then the statute is liberally construed to the end that such mechanic or materialman shall have the protection which the statute was intended to give. *Potter Mfg. Co.* v. *A. B. Meyer & Co., supra; Clark* v. *Huey, supra.*

We can hardly say that we have found a decision of the Supreme Court or this court exactly decisive of the question here involved, and there is much confusion in the decisions of other states on the question, some of these courts having reversed themselves one or more times on the question, notably the courts of Missouri and Massachusetts. We cite some of the cases where this question has been presented and discussed. *Galveston Exhibition Assn.* v. *Perkins* (1891), 80 Tex. 62, 15 S. W. 633; *Wagar* v. *Briscoe* (1878), 38 Mich. 587; *Jossman* v. *Rice* (1899), 121 Mich. 270, 80 N. W. 25,

80 Am. St. 493; *Hayes* v. *Fessenden* (1870), 106 Mass. 228;
*Forbes* v. *Mosquito Fleet Yacht Club* (1900), 175 Mass. 432,
436, 56 N. E. 615; *Rees* v. *Ludington* (1860), 13 Wis. 276,
80 Am. Dec. 741; *Jessup* v. *Stone* (1861), 13 Wis. 521;
*Shapleigh* v. *Hull* (1895), 21 Colo. 419, 41 Pac. 1108; *Mc-
Greary* v. *Osborne* (1858), 9 Cal. 119; *Jodd* v. *Duncan*
(1880), 9 Mo. App. 417; *Sawyer-Austin Lumber Co.* v. *Clark*
(1899), 82 Mo. App. 225; *Ranson* v. *Sheehan* (1883), 78 Mo.
668; *Kansas City Hotel Co.* v. *Sauer* (1877), 65 Mo. 279;
*Mayes* v. *Murphy* (1902), 93 Mo. App. 37; *Pickens* v. *Platts-
mouth Investment Co.* (1893), 37 Neb. 272, 55 N. W. 947;
*Pinkerton* v. *Le Beau* (1893), 3 S. D. 440, 54 N. W. 97;
*Ah Louis* v. *Harwood* (1903), 140 Cal. 500, 74 Pac. 41; *Jop-
lin Supply Co.* v. *West* (1910), 149 Mo. App. 78, 130 S.
W. 156.

For a summary of the holding of the court in some of the
cases, *supra,* see note to case of *Zabriskie* v. *Greater Am.
Expo. Co.* (1903), 62 L. R. A. 369.

We think the weight of authority in other jurisdictions,
having mechanics' lien statutes similar to ours, is against ap-
pellant's contention. But, independent of the au-
thorities of other jurisdictions, we feel that while as
above stated, the courts of this State have not in any
particular case decided the exact question here presented,
yet the decisions of the Supreme Court and this court on
analogous and similar questions, when considered together,
in effect settle the question against appellant's contention.

In construing §8295, *supra,* both of said courts have held
that in order that the lien might attach to property for ma-
terial used in a building erected thereon, it was nec-
essary that such material should be furnished by the
authority and direction of the owner, and that some-
thing more than mere inactive consent on the part of such
owner was necessary in order that such lien might be ac-
quired against him. *Clark* v. *Huey, supra; Neeley* v. *Sea-*

*right* (1888), 113 Ind. 316, 318, 15 N. E. 598; *Foster Lumber Co.* v. *Sigma Chi Chapter House* (1912), 49 Ind. App. 528, 97 N. E. 801, 802.

It has been held that where a person is in possession of real estate under a contract of purchase and title bond, he could not defeat or cloud the vendor's title by suffering a mechanic's lien to be filed against the real estate for improvements made thereon. *People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 17 N. E. 570; *Rusche* v. *Pittman* (1904), 34 Ind. App. 159, 72 N. E. 473.

The fact that "the purchaser in possession under a contract of purchase made improvements or repairs with the knowledge and consent of the vendor, did not estop the latter to assert its prior title. Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of property." *People's Sav., etc., Assn.* v. *Spears, supra.* See, also, *Neeley* v. *Searight, supra.*

In discussing §8296, *supra,* and its application to a contract similar to that here involved, this court in the case of *Davis* v. *Elliott* (1893), 7 Ind. App. 246, 248, 34 N. E. 591, said: "Counsel for appellants, however, insist that by this statute the law has been changed, and that they are entitled to a lien against the buildings, although not against the land. They urge that they can see no reason why the legislature should give the mechanic a lien on the buildings as against a prior mortgagee or a lessor by an ordinary lease, and not as against the vendor by executory contract. While this proposition might well be answered in the affirmative, still the rights of parties are to be determined not by what the legislature might well have done, but by what it has actually done. It is argued that the term 'leasehold', as used in this statute, 'should be so construed by this court as to include cases like the one in question, construing the word to have a broad enough significance to cover any case where the party was in lawful possession of

the real estate under a contract for the sale of land or otherwise.' No authority is cited in support of this proposition. Nor do we deem the court justified in giving to the term 'leasehold' such a broad interpretation. To do so would be doing the extremest violence to the provisions of the statute. It is the province of the legislature and not of the court to define the cases in which a first lien shall attach to the buildings. This the legislature has done in language plain and unambiguous, leaving no room for judicial construction. The word used is one in common use, the meaning of which is generally understood both by members of the legal profession and others. The right created by the contract in this case is entirely destitute of any characteristic feature of a leasehold interest. It is simply an executory contract of purchase and sale: Only this and nothing more.''

These authorities sustain the ruling of the court below on appellant's motion to modify the judgment.

Appellant next insists that the decision of the court was contrary to law and not sustained by the evidence. What we have said on the other branch of the case would prevent a reversal of the judgment on either of these grounds.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 450. See, also, under **(1)** 2 Cyc. 1014; **(3)** 27 Cyc. 18; **(4)** 27 Cyc. 82; **(5)** 27 Cyc. 20; **(6, 7)** 27 Cyc. 59, 60. For a discussion of mechanics' liens on buildings or improvements as distinct from the land on which it is located, see 2 Ann. Cas. 689. As to the existence and extent of mechanics' liens at common law, see 35 Am. Rep. 362. As to the estate of lessee covered by a mechanic's lien, see 45 Am. Dec. 678.