# RADER ET AL. v. A. J. BARRETT COMPANY ET AL.

[No. 8,610. Filed May 13, 1915.]

1. MECHANICS' LIENS. — *Foreclosure.* — *Pleading.* — *Ownership of Property.*—A pleading seeking the foreclosure of a mechanic's lien must aver facts showing the ownership of the property against which the lien is sought to be enforced. p. 30.

2. MECHANICS' LIENS. — *Foreclosure.* — *Cross-Complaint.* — *Sufficiency.*—*Ownership of Property.*—A cross-complaint seeking the enforcement of a mechanic's lien which, though not directly averring that cross-defendant was the owner of the property, alleged facts sufficient to discose that he was the holder of the legal title at the time the material was furnished and the labor performed, sufficiently showed ownership to withstand a demurrer. p. 30.

3. APPEAL.—*Review.*—*Demurrer to Answer.*—Where a special paragraph of answer to a cross-complaint seeking the enforcement of a mechanic's lien amounted merely to a denial of the authority of cross-complainants to furnish the material and perform the labor sued for, the court did not err in sustaining a demurrer thereto. p. 30.

4. MECHANICS' LIENS.—*Foreclosure.*—*Evidence.*—*Sufficiency.*—Evidence showing that at the time the materials were furnished and the labor performed in the repair of a hotel building, the real estate was in charge of certain persons under a contract of purchase requiring them to make repairs within a certain time, for which the owner should not be liable, and providing that the sum expended should be forfeited if the contract of purchase was not consummated by the execution of a deed, that thereafter such contract was not performed and possession of the real estate was surrendered to the owner, and showing that the material was furnished to and the labor performed for the occupants under such contract on the recommendation of the owner, did not show a case within the rule that a purchaser in possession under a contract of purchase can not cloud the vendor's title by suffering mechanics' liens to be filed against the property, nor within the rule that the conduct of the owner amounted to no more than mere inactive consent to the furnishing of the material and the performing of the labor, and was sufficient to support a finding against the owner. pp. 31, 32.

5. MECHANICS' LIENS. — *Statutes.* — *Construction.* — The provision for mechanics' liens is purely a statutory remedy, and while one seeking its application must bring himself within the provisions of the statute in order to be successful, the statute is to be liberally construed to the end that those coming within its provisions may have the protection that it was intended to give.  p. 32.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action commenced by Frank D. Rader, in which A. J. Barrett Company and others filed cross-complaints, and from the judgment rendered on such cross-complaints Frank D. Rader and another appeal.  *Affirmed.*

*Arthur Metzler,* for appellants.

*Holman, Stephenson & Bryant* and *O. F. Montgomery,* for appellees.

MORAN, J.—Appellant, Frank D. Rader, brought an action to quiet the title to a small tract of real estate located upon the shore of Lake Manitou, in Fulton County, Indiana, upon which was located a hotel and dwelling house. The title was quieted as against all parties to the action, except appellees, who filed cross-complaints for the foreclosure of mechanics' liens for material furnished and labor performed in the repair of the hotel building. A decree of foreclosure was rendered in favor of appellees, from which appellants, Frank D. Rader and his wife, Hattie M. Rader, have appealed. In addition to appellants, Frank D. Rader and Hattie M. Rader, Carey L. and Ina T. Smith were made parties to appellees' cross-complaints. The cross-complaints of appellees, A. J. Barrett Co., and Stilla P. Bailey, are for material furnished, that of appellee, Charles Alspach, is for labor performed in the repair of the hotel building. Notices of the intention to hold mechanics' liens upon the real estate described in the complaint and in the cross-complaints, respectively, were filed in the recorder's office of Fulton County, Indiana, within the time required by law, copies of which notices are made a part of the cross-complaints.

Among other things, it is alleged, in substance, in the cross-complaints, that the indebtedness sought to be recovered was for building material furnished to be used, and was used, in making additions to the hotel and dwelling, and that the labor was performed thereon; and at the time the material was furnished and labor performed, appellant, Frank D. Rader, was the owner of the real estate; but had entered into a contract to sell the same to Carey L. Smith.   Upon the overruling of demurrers by appellants, Frank D. and Hattie M. Rader, to the cross-complaints, they answered each cross-complaint in two paragraphs of answer, the first being a general denial; the second is based upon a written contract, which alleges in substance that on May 25, 1909, appellants entered into a written contract with Carey L. and Ina T. Smith for the sale of the real estate in question, and in consideration, appellants were to receive in exchange certain real estate in the city of Indianapolis; Carey L. and Ina T. Smith were to discharge certain liens against the Indianapolis real estate, and to carry out certain other obligations set forth in the contract, and upon failure to comply with certain conditions in the contract within six months from the date of entering into the same, Carey L. and Ina T. Smith were to forfeit their rights under the contract; they failed to carry out the contract and in July, 1909, surrendered the possession of the hotel property. At no time did Carey L. and Ina T. Smith have any interest in the hotel property; appellants did not contract with cross-complainants for the material furnished and labor performed, nor did they authorize the furnishing of the same, and if the material was furnished and the labor performed, it was at the instance and request of Carey L. and Ina T. Smith.   A demurrer by appellees to the second paragraph of answer was sustained.

The errors relied upon for reversal are, (1) the court erred in overruling the demurrer of appellants to the cross-complaints of appellees; (2) the court erred in sus-

taining demurrers of appellees, A. J. Barrett Co., Stilla P. Bailey and Charles Alspach, to the second paragraph of answer of appellants to the amended cross-complaints of appellees; (3) the court erred in overruling appellants' motion for a new trial.

The infirmity urged against the cross-complaints is that they do not show the ownership of the property against which the liens were sought to be enforced, and that it is essential that the pleadings disclose by proper averments the ownership. This contention is supported by authority. *Adams* v. *Buhler* (1888), 116 Ind. 100, 18 N. E. 269; *Littler* v. *Friend* (1906), 167 Ind. 36, 78 N. E. 238. In the cross-complaint of appellee, A. J. Barrett Co. there is an averment, that Frank D. Rader was the owner of the legal title of the real estate upon which the lien was attempted to be foreclosed. The cross-complaints on the part of the other appellees plead the facts as to the execution of the contract between appellants and Carey L. Smith and wife, in reference to the sale of the real estate in question. While there is no direct averment that appellant, Frank D. Rader, was the owner of the real estate, there are sufficient facts pleaded in connection with the execution of the contract between appellants and Carey L. Smith and wife to disclose that Frank D. Rader was the holder of the legal title to the real estate at the time the material was furnished and the labor performed, and at the time of the filing of the cross-complaints. Under the rule announced in *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, each of the cross-complaints was sufficient to withstand a demurrer.

Appellants' second paragraph of answer to appellees' cross-complaints was merely a denial of the authority of appellees to furnish the material and perform the labor as sued for in the cross-complaints. Appellees were bound to prove this fact in order to recover.

And further, all the evidence that could have been admitted under this paragraph of answer was admissible under the answer of general denial. The court did not err in sustaining appellees' demurrer to this paragraph of answer. *Ripley* v. *Lemcke* (1909), 43 Ind. App. 336, 87 N. E. 237; *Craig* v. *Frazier* (1891), 127 Ind. 286, 26 N. E. 842.

The sufficiency of the evidence to sustain the decision of the court as presented by the motion for a new trial is, in our judgment, the most serious question raised. Two of appellees furnished material for the hotel building and one of appellees performed labor in repairing the same. During the time of the furnishing of the material and performing of the labor, Carey L. Smith and wife held a contract of purchase for the real estate in question. Among the many conditions provided in the contract, Smith and his wife were to expend within sixty days from the date of entering into the contract, the sum of $500 in the way of improving the hotel property, and appellants were not to be liable for the same; and if the contract was not finally consummated by a deed of conveyance being executed to them, they were to forfeit the sum so expended. The conditions of the contract were not carried out on the part of Smith and his wife in reference to certain property in the city of Indianapolis, which they had agreed to convey to appellants, in exchange for appellants' property. Smith and wife were to convey the Indianapolis property to appellants, free of liens and by merchantable title, failing to do so they surrendered up the possession of the hotel property within the time fixed for the completion and the carrying out of the various provisions of the contract of sale and purchase.

Appellants earnestly contend that they did not authorize the furnishing of the material used and the labor performed upon the hotel building, that they were the owners of the property at the time and a foreclosure of the liens in favor

of appellees as against the property is unwarranted under the facts when the law is correctly applied to the same.

The remedy invoked by appellees to enforce the collection of their claims is statutory and is in derogation of the common law, and he, who relies upon the statute, 5. must, in order to be successful, bring himself within its provisions. However, when one brings himself clearly within the provisions of the statute, the statute is liberally construed to the end that those who do come within its provisions may have the protection that it was intended to give to material men and mechanics. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 86 N. E. 837, 131 Am. St. 267; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 40 N. E. 152; *Davis & Rankin, etc., Mfg. Co.* v. *Vice* (1896), 15 Ind. App. 117, 43 N. E. 889; *Cincinnati, etc., R. Co.* v. *Shera* (1905), 36 Ind. App. 315, 75 N. E. 293; *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N. E. 273; *Toner* v. *Whybrew* (1912), 50 Ind. App. 387, 98 N. E. 450. Section 8296 Burns 1914, Acts 1909 p. 295, provides: "The entire land upon which any such building, erection or other improvement is situated, including that portion not covered therewith, shall be subject to lien to the extent of all the right, title and interest owned therein by the owner thereof, for whose immediate use or benefit such labor was done or material furnished; and where the owner has only a leasehold interest, or the land is encumbered by mortgage, the lien, so far as concerns the buildings erected by said lien-holder, is not impaired by forfeiture of the lease for rent or foreclosure of mortgage; but the same may be sold to satisfy the lien and [be] removed within ninety [days] after the sale by the purchaser." Was the labor per- 4. formed and the material furnished in the case at bar for the immediate use and benefit of appellants? It is conceded that they knew the building was being repaired and the labor being performed and the material furnished, and there is no question but that the building was enhanced

in value to the extent of the value of the materials furnished and labor performed. In order, however, to fasten a mechanic's lien upon appellants' property, it required more than mere inactive consent on their part to the furnishing of the material and performing of the labor. *Neeley* v. *Searight* (1888), 113 Ind. 316, 15 N. E. 598; *Toner* v. *Whybrew, supra.* Was there more than the mere inactive consent on the part of appellants to the furnishing of material and performing of the labor? When they entered into the contract with Smith and his wife to sell the property in question, one of the conditions was that they were to expend $500 in improving the property, and if they failed to carry out certain conditions on their part in reference to the clearing of title to certain Indianapolis property, to be taken by appellants. in exchange for the hotel property, they were to forfeit the money so expended.

Appellee, Charles Alspach, testified that he had heard that he couldn't get any money for his work and intended to throw up the job, when he met appellant, Frank D. Rader, who told him to go ahead and finish it, that he would get his money. Appellee, Stilla P. Bailey, testified that he heard that Mr. Rader had made a deal with Carey L. Smith, and he saw appellant, Frank D. Rader, and asked him if he had sold out, and asked him if Mr. Smith was going to do anything there, and appellant said to him, "I think he is, you had better get after him". Afterwards appellant said to him if he was letting anything go out there on his account not to let it go, and that he didn't let anything go after that. Abner J. Barrett, a member of the A. J. Barrett Co., appellee, testified that he furnished the material through appellant, Frank D. Rader, and Carey L. Smith; that appellant brought Smith to him and introduced him, and told him to sell him the material; he said it was all right to let Smith have the material. It was appellant's statement that induced him to let Smith have the material, and he would

not have furnished it to Smith without seeing appellant first.

At the time appellants entered into the contract of sale with Smith and his wife, they realized that the hotel building needed repairing, and evidently to better their security during the interim until Smith and his wife would be in shape to convey to them the Indianapolis property, they exacted of them the repairing of the hotel building. While the material was being furnished and the labor performed, they knew it was doubtful as to whether the conveyance would be finally consummated. A purchaser in possession of real estate under a contract of purchase cannot cloud the vendor's title by suffering mechanics' liens to be filed against the real estate covered by the contract of purchase. *Rusche* v. *Pitman* (1904), 34 Ind. App. 159, 72 N. E. 473; *Peoples Sav., etc., Assn.* v. *Spear* (1888), 115 Ind. 297, 17 N. E. 570.

The facts in this case, however, do not bring it within this rule, nor do they bring it within the rule that the conduct of appellants amounted to no more than mere inactive consent to the furnishing of the material and the performing of the labor. An examination of the entire record discloses that the trial court was warranted in finding that there was sufficient evidence to sustain the material allegations of each of appellees' cross-complaints.

A correct result was reached in this cause, and it is therefore affirmed.

NOTE.—Reported in 108 N. E. 883. As to liens of materialmen, see 79 Am. Dec. 268. As to the power of a vendee or lessee to subject the owner's interest to mechanics' liens, see 23 L. R. A. (N. S.) 601. See, also, under (1, 2) 27 Cyc. 374; (3) 31 Cyc. 303; (4) 27 Cyc. 416, 59; (5) 27 Cyc. 20, 17.