ROBERT HIXON LUMBER COMPANY v. ROWE ET AL.

[No. 12,092.    Filed October 15, 1925.]

1. MECHANICS' LIENS.—*Vendee in possession under contract of purchase cannot make repairs or improvements and create a lien that will affect vendor's title.*—A vendee in possession of real estate under an executory contract of purchase cannot make contracts for improvements or repairs which create a mechanic's or materialman's lien thereon and thus defeat or cloud the vendor's title.  p. 511.

2. MECHANICS' LIENS.—*To create a lien, material must have been furnished under authority and direction of owner amounting to more than inactive consent.*—To create a mechanic's lien on real estate for material used in constructing a building thereon, it must have been furnished by authority and direction of the owner amounting to more than inactive consent. p. 511.

3. MECHANICS' LIENS.—*Furnishing to vendee material for reconstruction of house destroyed by fire does not create lien on land though insurance money loaned to vendee for purpose of building house.*—Furnishing material to a purchaser of real estate, in possession under an executory contract, for the reconstruction of a house thereon destroyed by fire, does not create a lien on the land where the material was furnished without any authority or direction of the owner, although the insurance money was loaned to the purchaser by the vendor for the purpose of having the house built. p. 511.

From DeKalb Circuit Court; *Doak R. Best,* Special Judge.

Action by the Robert Hixon Lumber Company against Harry A. Rowe and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*H. M. Mountz,* for appellant.

*Walter D. Stump* and *C. E. McClintock,* for appellees.

REMY, C. J.—On September 1, 1918, appellees Marion, Walter and Mabel Cramer, being the owners as tenants in common of certain real estate, entered into a contract with appellee Rowe by the terms of which they sold to him the real estate, placing him in possession, but retaining title in themselves until the consideration was fully paid; it being agreed that a stipulated sum should be paid each year for a period of ten years, and that if Rowe failed to make any payment when due, his rights under the contract would be lost, and the Cramers could take possession of the real estate, and treat the payments previously made as rent. While Rowe was in possession under this contract, a dwelling

house located upon the land was destroyed by fire and the insurance money received as a result of the fire loss. was turned over to Rowe by appellee Marion Cramer, Rowe executing to said appellee a promissory note which was to become void when a new house which Rowe was going to build on the premises should be paid for, Rowe to use the $800 in the building of the new house.   For use in the construction of the house, Rowe purchased from appellant certain lumber which was so used by him.   At the time the lumber was purchased, appellant, well knowing that Rowe was in possession of the real estate under the contract of purchase, and that the title to the land was in the Cramers, gave no notice to the Cramers that the material was being furnished.   The lumber was charged to Rowe, and with him appellant made settlement therefor, taking a note which later, and before this suit was commenced, proved to be a forgery.   Within the time prescribed by statute, appellant filed notice of its intention to hold a lien on the land.·  Rowe defaulted in his payments, and surrendered possession of the land to the Cramers.   The lumber not having been paid for, appellants commenced this suit on the account and for foreclosure of the lien, making all of the appellees parties defendant.   The suit was not for the foreclosure of lien on the house separate and apart from the land, but was brought under §9831 Burns 1926, Acts 1921 p. 135, for the foreclosure of lien on the real estate, and the cause was tried upon that theory.   In this connection, however, see, *Toner* v. *Whybrew* (1912), 50 Ind. App. 387, 98 N. E. 450; *Davis* v. *Elliott* (1893), 7 Ind. App. 246, 34 N. E. 591.

Trial resulted in a judgment against Rowe for the full amount of the claim and a finding and judgment in favor of the Cramers as to the foreclosure of the lien.

The one question presented by this appeal is whether

or not the decision of the trial court as to appellant's right to a lien on the real estate is sustained by sufficient evidence.

In this jurisdiction, the law is well established that a vendee in possession of real estate under an executory contract of purchase cannot make contracts for

1. improvement or for repairs which create a mechanic's or materialman's lien on the real estate, and thus defeat or cloud the vendor's title. *People's Savings, etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 17 N. E. 570; *Rusche* v. *Pittman* (1904), 34 Ind. App. 159, 72 N. E. 473.

In order that a lien may attach to real estate, under the act of 1909, Acts 1909 p. 295, as amended, Acts 1921

2. p. 135, for material used in the construction of a building erected thereon, it is necessary that the material be furnished by authority and direction of the owner, and something more than the inactive consent of the owner is necessary in order that such a lien may be acquired against him. *Toner* v. *Whybrew, supra; Holland* v. *Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823.

We are constrained to hold that the decision of the court is sustained by sufficient evidence. It clearly appears from the evidence, that appellant furnished

3. the lumber without any authority or direction from appellees Cramer. Though appellee Marion Cramer knew the house was being built, neither he nor his cotenants knew that any of the material was being furnished by appellant. The sale of the lumber was made directly to Rowe. In fact, settlement of the account was made with him. Doubtless this suit would not have been brought, except for the fact that the note taken in settlement had proved to be a forgery. As we view it, the case is that of a materialman taking

the chance of furnishing materials to a vendee of real estate who held the same under an executory contract. Affirmed.