COURTNEY *v.* LUCE ET AL.

[No. 14,980. Filed March 12, 1936.]

*Nichols & Nichols,* for appellant.

*Simmons & Simmons, Burns & Burns* and *Thomas C. Peterson,* for appellees.

WIECKING, J.—This was an action by appellee Luce against appellant and the co-appellees for the foreclosure of a mechanic's lien on certain real estate located in Montpelier, Blackford County, Indiana. Appellees Snyder and Landon also filed cross-complaints to foreclose mechanic's liens against the same property, which was a business block in Montpelier. On the 1st day of July, 1931, appellant entered into a written contract with appellee Longnecker through her agent, appellee Metz, for the exchange of certain real estate owned by the parties and described in the agreement. The contract was as follows:

"Winchester Indiana July 1st 1931

"This contract of agreement by and between C. B. Courtney of Winchester Indiana Party of the first part and Maud Longnecker of Saratoga Indiana. Party of the second part. Represented by Frank Metz of Winchester Indiana as her agent. Witnesseth that the said first party is this day trading to said second part his business block located in Montpelier Indiana. Lot Eight Block six in Montpelier Indiana. said first party is taking in exchange a 14 acre tract of land with a house and barn connected with same described as follows S. W. 25-21-14

Also lot one—S. W. 25-21-14

also lot one—s. w. 25-21-14 containing 14 acres more or less, the said second party by her agent Frank Metz is to pay said first part two hundred dollars in

money, and one Plymeth Coop modle 29. and the above described property in Saratoga clear of all incumbrances. the said second party is to assume Mortgage of $2000 payable to farmers Merchants Bank of Winchester Indiana each party is to give a good and sufficient abstract title to the above described propertys down to date. each party is to pay taxes for the year of 1930 due and payable in 1931. and each to assume the taxes from there on, the said second party is to have full and compleat possession of Montpelier Block first of August 1931. also second party can do any kind of work on said block from now on, said second party is to have to the first of August 1931 to live in said property in Saratoga Indiana.

"Each party to assign the insurance that he carries on the above described propertys.

C. B. COURTNEY,
MAUD LONGNECKER,
Per W. Metz Agt."

The cause was tried by the court without the intervention of a jury. Upon proper request the court made a special finding of facts, stated conclusions of law thereon, and entered judgment against the appellant for the appellees Luce, Landon, and Snyder, foreclosing their mechanic's liens, and rendered judgment for the appellees Longnecker and Metz. The appellant seasonably filed his motion for new trial. At the time of the trial appellant objected to the introduction of evidence as to certain conversations between Metz, and also one Hoy, and the various lien-holders, showing the employment of such lien-holders to perform the labor and furnish the materials for the improvements on the building in question, on the ground that all of such conversations were in the absence of the appellant and no agency of Metz or Hoy for appellant had been shown. The rulings on these various objections was held up by the court. The special finding of facts contain thirty-three separate findings. Judgment was entered by the trial court on May 6, 1932. On November 4th, 1932, and just prior to his ruling on the mo-

tion for new trial, the court sustained appellant's objections to such testimony and ordered it stricken out in the following language:

"COURT. There was evidence introduced in this case of conversations had by witnesses in the absence of the defendant, Courtney, by the witness, Metz, and I believe Hoy, I am not sure about that, and the court held the motion up; these conversations were objected to by counsel for the defendant at the time followed by a motion to strike out; the court admitted this evidence, the conversations in the absence of Courtney, on the theory, as stated by counsel, that it would be shown that they were acting for Mr. Courtney and as his agent and I don't believe that the evidence disclosed that there was an agency established with authority to make statements that Mr. Courtney had made in reference to this work and the material furnished and the court held up the motion to strike out until the close of the trial and the court now sustains the motion made by defendant to strike out these conversations that were given in evidence in his absence. I hardly think now, after hearing all the evidence, that perhaps they were proper. That will include any conversations of any witness who testified to them in his absence and show exceptions by the different plaintiffs to the ruling of the court on sustaining the motion to strike out upon the ground that it did not show that Metz had authority as agent to make the statements in his absence."

The court then overruled appellant's motion for new trial. Appellant then prayed an appeal to this court assigning as error that the court erred in each of the conclusions of law, that the court erred in holding up its rulings on appellant's motion to strike out the answers made to the questions referred to above until after it had announced its special finding of facts and conclusions of law, and the court erred in overruling appellant's motion for new trial. The specifications of the motion for new trial pertinent here are that the decision of the court is not sustained by sufficient evidence and is contrary to law and error of the court in ruling on the admission of cer-

tain evidence. No cross-errors are assigned by any of the parties appellee.

The sole question necessary for us to consider here is as to the sufficiency of the evidence. The court had full authority over his record and could amend or correct the same at any time before the rendition of final judgment. A judgment rendered before the motion for new trial is disposed of is not a final judgment within the meaning of the statute regulating appeals. *Colchen* v. *Minde et al.* (1889), 120 Ind. 88, 22 N. E. 94. It was, therefore, within the province of the court to rule upon the objection and motion to strike out the evidence in question at any time until his ruling upon the motion for new trial and such evidence was stricken out of the record.

The foregoing being true, the court should also have granted the appellant's motion for new trial as a reading of the special finding of facts readily discloses that many material findings depend upon the evidence thus deleted.

A person in possession of real estate under a contract of purchase cannot defeat or cloud the vendor's title by suffering a mechanic's lien to be filed against such real estate for improvements made thereon by him. In order that a lien may attach to the real estate it is necessary that such materials should be furnished or labor performed by the authority and direction of the owner and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against him. *Holland* v. *Farrier* (1920), 75 Ind. App. 368, 130 N. E. 323; *Peoples Savings, Loan and Building Assn.* v. *Spears et al.* (1888), 115 Ind. 297, 301, 17 N. E. 470; *Rush* v. *Pittman* (1904), 34 Ind. App. 159, 162, 72 N. E. 473; *Toner* v. *Whybrew* (1911), 50 Ind. App. 387, 98 N. E. 450; *Robert Hixon*

*Lumber Co.* v. *Rowe* (1925), 83 Ind. App. 508, 149 N. E. 92.

The clause in the contract to the effect "also second party can do any kind of work on said block from now on" is relied upon by appellees to show a delegation of ■ authority to Metz or Hoy. The court in sustaining the motion to strike out on November 4, 1932, expressly stated "I don't believe the evidence disclosed that there was an agency established with authority to make statements that Mr. Courtney had made in reference to this work and the material furnished . . ."

Such statement of the court negatives the finding of any agency on the part of the persons who, by the evidence left in the record, employed any of the lien-holders. We must, therefore, hold that the decision of the court is not sustained by sufficient evidence and, therefore, the court erred in overruling appellant's motion for new trial.

The judgment of the Jay Circuit Court is reversed with instructions to grant appellant's motion for new trial.