WOODS *v.* DECKELBAUM ET AL.

[No. 30,428. Filed June 17, 1963. Rehearing denied September 13, 1963.]

*Henry J. Richardson, Jr.,* and *Nola A. Allen,* both of Indianapolis, for appellants.

*Charles B. Feibleman, Gene E. Wilkins, Paul J. DeVault* and *Bamberger & Feibleman,* of counsel, all of Indianapolis, for appellees.

LANDIS, J.—This case reaches us on transfer from the Appellate Court pursuant to Burns' §4-215 (1946 Repl.),[1] the Appellate Court's majority and dissenting opinions appearing in 178 N. E. 2d 544.

Appellant brought action in the trial court to foreclose a mechanic's lien against the various appellees who were the tenants and owners of the premises in question. Trial by the court resulted in a finding and judgment for appellant in the amount of $1,643.95, against appellees (McQuary and Darlington Realty Co., Inc.) who were the tenants, but in a finding and judgment for the remaining appellees who were the legal and equitable owners of the premises.

Appellant assigned as error the overruling of the motion for new trial containing the specification that the finding of the court is contrary to law.

Appellant argues under this specification that the court below should have foreclosed its mechanic's lien against the remaining appellees (Fortune Corporation, Enterprise Corporation, Fox Run Properties, Inc., and Deckelbaum-Smith Realty Corporation) who were the legal and equitable owners of the premises for the reason that under the evidence in the case said appel-

---

1. Acts 1901, ch. 247, §10, p. 565; 1933, ch. 151, §1, p. 800.

lees acquiesced and participated in making the repairs and improvements which were the subject of the lien.

To consider this contention of appellant it is necessary that we review the evidence favorable to appellees which discloses as follows:

On or about March 1, 1956, appellee Enterprise Corporation entered into a conditional sales contract with appellee Deckelbaum-Smith Realty Corporation, wherein the real estate involved in this cause, was sold to Deckelbaum-Smith Realty Corporation. Actual possession of the premises was delivered to the latter corporation. It further appears that appellees Enterprise Corporation, Fortune Corporation, and Fox Run Properties, Inc., are one and the same corporation as the former two corporations were merged into Fox Run Properties, Inc.

The evidence further shows that on or about April 30, 1957, Deckelbaum-Smith Realty Corporation entered into a written lease-agreement whereby a storeroom, formerly used as a gymnasium and located on those premises, was leased to Darlington Realty Co., Inc. The president of this corporation was one William McQuary. He entered into a verbal agreement with appellant to make certain repairs to the inside and outside of the storeroom and appellant commenced work immediately thereafter. Although McQuary promised to pay appellant for the work performed, McQuary did not do so. Eventually, McQuary failed to pay rent, his company's lease was terminated, and the premises were vacated. On July 3, 1957, appellant filed a notice of mechanic's lien, and on August 6, 1957, he filed a second notice naming all the appellees therein. Thereafter this action was brought in the Marion Circuit Court to foreclose the lien against each

and all of the appellees and judgment was rendered as heretofore set forth.

As to the appellees, Fortune Corporation, Enterprise Corporation and Fox Run Properties, Inc., who were the owners of the legal title of the real estate in question, there was no evidence whatever that any of these appellees through their authorized agents were aware that any work was being done on the premises. Under the law such appellees could not necessarily be bound by the mechanic's lien filed by appellant, for as stated in the case of *Courtney* v. *Luce* (1936), 101 Ind. App. 622, 626, 200 N. E. 501, 503:

> "A person in possession of real estate under a contract of purchase cannot defeat or cloud the vendor's title by suffering a mechanic's lien to be filed against such real estate for improvements made thereon by him. In order that a lien may attach to the real estate it is necessary that such materials should be furnished or labor performed by the authority and direction of the owner and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against him." *The People's Savings, Loan & Building Association* v. *Spears et al.* (1888), 115 Ind. 297, 301, 17 N. E. 570, 572; *Holland* v. *Farrier* (1921), 75 Ind. App. 368, 376, 130 N. E. 823, 825; *Rusche* v. *Pittman* (1904), 34 Ind. App. 159, 162, 72 N. E. 473, 474; *Toner* v. *Whybrew* (1912), 50 Ind. App. 387, 394, 98 N. E. 450, 452; *Robert Hixon Lbr. Co.* v. *Rowe* (1925), 83 Ind. App. 508, 511, 149 N. E. 92, 93.

As to the appellee Deckelbaum-Smith Realty Corporation who was the owner of the equitable title as the purchaser under the real estate contract, the following facts appear:

Said appellee Deckelbaum-Smith Realty Corporation

entered into the lease agreement heretofore mentioned with appellee Darlington Realty Co., Inc., through its president Wm. A. McQuary, according to which the particular rooms here involved were leased for a period of one year at a rental of $112.50 per month. The lease gave Darlington Realty Co., Inc., the privilege of making repairs and improvements to the premises as would be necessary to place it in a tenantable condition. Deckelbaum-Smith Realty Corporation was not to be put to any loss or expense by reason thereof, and it was provided any improvements made were to become the abolute property of the lessor at the expiration or termination of the lease.

W. S. Deckelbaum, the president of appellee Deckelbaum-Smith Realty Corporation, testified he knew the repairs were being made and that he did visit the premises as property manager during the time the repairs were being made. Deckelbaum also testified that at no time during the course of the repairs did he ever supervise the work of the men doing the construction. However after the work started he did go on the premises two or three times. He gave appellant no directions as to the work, but at one time he had a conversation with appellant as to the color of the paint on the front of the building. On this occasion he was walking by and noticed the window around the glass was a "bilious" color of yellowish green. He asked appellant if he could have chosen a different shade of green, and appellant thereafter changed the color of the paint. On another occasion Deckelbaum said he noticed water dripping from an air-conditioner. He also recalled a conversation with an electrician on the job concerning old light fixtures. After asking the electrician if it would be worthwhile to install them in the hallway of the building, he asked

the custodian to take them to the basement so they would not be destroyed but could be used at a future date.

As heretofore stated, no evidence whatever was introduced to connect appellees Fortune Corporation, Enterprise Corporation or Fox Run Properties, Inc., with the work done on said premises.

With regard to appellee Deckelbaum-Smith Realty Corporation, we are unable to conclude upon the basis of the above facts with all reasonable inferences favoring appellee, that the trial court was compelled to find such appellee did more than inactively consent to the making of the repairs to the premises in question. We, as a reviewing court, of course, are not permitted to weigh the evidence nor are we allowed to substitute our judgment for that of the trial court solely for the reason that we might feel disposed to rule the other way had we the prerogative of weighing the evidence.

It is only where the evidence is without conflict and leads inescapably to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the verdict or decision will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N. E. 2d 447, 448; *Heeter* v. *Fleming* (1946), 116 Ind. App. 644, 647, 67 N. E. 2d 317, 318; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, 673.

The trial court undoubtedly found that the foregoing incidents were too trivial in nature to place upon the landlord the cost of repairs contracted for by the tenant, and we are unable to say upon the basis of the evidence in the record favorable to appellee, that such evidence points inescapably to the contrary conclusion

that Deckelbaum-Smith Realty Corporation assumed responsibility for the repairs.

As we have heretofore discussed, the law in Indiana has long held inactive consent to be insufficient to bind the landlord for repairs contracted for by the tenant, and it necessarily follows that the lower court's general finding for appellee landlord cannot in the case before us be upset on appeal.

In view of our conclusion that the negative general finding of the lower court against appellant cannot be disturbed on the basis that the evidence in the record inescapably points to a different result, and as appellant on this appeal is relying solely on the contention that the evidence compelled a different determination by the trial court, we must affirm the judgment of the lower court.

Judgment affirmed.

Achor and Arterburn, JJ., concur; Jackson, J., concurs in result; Myers, C. J., not participating.

NOTE.—Reported in 191 N. E. 2d 101.