No. 13,049.

ADAMS *v.* BUHLER ET AL.

MECHANIC'S LIEN.—*Foreclosure.*—*Complaint.*—A complaint to foreclose a mechanic's lien for labor alleged to have been performed in the erection of a building for a contractor, must show who owned the real estate, or interest to be affected, at the time the building was erected, and that the building was erected in pursuance of a contract, express or implied, with the owner.

From the Adams Circuit Court.

*R. S. Peterson* and *E. A. Huffman*, for appellant.
*D. D. Heller* and *P. G. Hooper*, for appellees.

MITCHELL, J.—Buhler & Chronister were awarded a decree in the court below, foreclosing a mechanic's lien against in-lot No. 349, in the Southern addition to the city of Decatur, in Adams county, and also a personal judgment for ninety-three dollars and thirty-two cents against Lemuel D. Adams. From this judgment and decree Adams appealed, and, by an assignment of error duly made, brings in review the sufficiency of the complaint, the material part of which, so far as respects the questions raised, is the following, viz.: " That in the month of April, 1884, one William P. Moon had a contract for building a dwelling-house on the following real estate in Adams county, in the State of Indiana, to wit: In-lot three hundred and forty-nine, in the Southern addition to the city of Decatur, * * which said dwelling-house was to be, and the same afterwards was, constructed on a stone foundation ; that the plaintiffs did and performed the stone work of said building, and built said stone foundation-walls by and under a contract made with said Moon ; but at and before the time of commencing said work, * * * these plaintiffs notified the defendant Lemuel D. Adams, that they were about to perform and were performing said labor for said William P. Moon, as such contractors," etc.

The other averments in the complaint relate to the completion of the work, the giving of notice by the plaintiffs of their intention to hold a lien, and to the amount which remains due and unpaid, the averments in all those respects being altogether formal and sufficient.

While it is averred that Moon had a contract for the erection of a dwelling-house on a particularly described lot in the city of Decatur, and that the plaintiffs constructed the stone foundation under a contract with Moon, we look into the complaint in vain to ascertain who owned the lot upon which the house was erected, or with whom Moon contracted for the erection of a dwelling upon the lot described. It is quite true, it is averred that the plaintiffs notified Adams that they were about to perform and were performing the

labor of constructing the foundation for contractor Moon, but as it does not appear from any averment in the complaint that Adams either owned or claimed any interest in the lot upon which the building was erected, or that it was erected by the contractor under a contract with Adams, it is not apparent why the latter should have been notified by the plaintiffs that they were performing labor on the foundation.

Mechanics' liens rest upon contract, express or implied, with the owner or other person whose interest in the real estate it is proposed to bind or affect by the lien, and while persons who perform labor or furnish material for a contractor may secure a lien upon the real estate or building, by notifying the owner and taking the other necessary steps, it is nevertheless essential to the sufficiency of a complaint to foreclose such a lien that it should appear therein who owned the real estate, or the interest to be affected, at the time the building was erected, and that it was erected in pursuance of a contract, express or implied, with such owner. *Lawton* v. *Case,* 73 Ind. 60; *Neeley* v. *Searight,* 113 Ind. 316; *City of Crawfordsville* v. *Brundage,* 57 Ind. 262.

In respect to the above essentials, the complaint in the present case is wholly deficient. It was error, therefore, to overrule the demurrer to the complaint.

Judgment reversed, with costs.

Filed Oct. 13, 1888.