## LITTLER ET AL. *v.* FRIEND.

[20,834.  Filed June 21, 1906.]

1. LIENS. — *Laborers.* — *Foreclosure.*—*New Trial.*—*Evidence.*—*Sufficiency.*—Where the evidence shows that plaintiff was employed by the Matthews Drilling Company to assist in sinking a gas-and-oil well; that defendant Huffman told him to file a lien for his services; that he filed such lien against the land containing such well; that defendant Littler was the owner of the land, and that he had leased the gas-and-oil privileges to Walley, who had assigned same to the Consumers Gas Trust Company, a personal judgment against Littler and Huffman and a decree of foreclosure against Littler are not sustained by the evidence.  p. 38.

2. SAME.—*Laborers.*—*Foreclosure.*—*Leases.*—*Decree.*—A laborer, employed by the lessee of lands to explore for gas and oil, is entitled to a laborer's lien only as against such lessee's interest in such lands.  p. 41.

3. SAME. — *Contracts.* — *Express.* — *Implied.* — Mechanics' and laborers' liens rest upon contract, express or implied; and to support the same the evidence must show a contract with the owner of the interest against which the lien is sought to be enforced.  p. 41.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Suit by William D. Friend against Joseph W. Littler and others.  From a decree for plaintiff, defendants Littler and another appeal.  Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.  *Reversed.*

*Dailey, Simmons & Dailey,* for appellants.

*A. R. Long, W. H. Eichhorn* and *G. A. Matlack,* for appellee.

JORDAN, C. J.—Appellee, as plaintiff below, commenced this action in the Grant Circuit Court against the Matthews Drilling Company, George N. Catterson, Joseph W. Littler and William H. Huffman to enforce a mechanic's lien under §7255 Burns 1901, Acts 1899, p. 569, for work and labor performed by him in and about the construction of a

certain gas-and-oil well situated upon the lands described
in the complaint.   The complaint alleges that on January
14, 1904, the defendant Joseph W. Littler was, and still
is, the owner in fee simple of the southeast quarter of sec-
tion twenty-eight, township twenty-three north, range nine
east, in Grant county, Indiana.   It is further averred
therein that on said day the defendant William H. Huff-
man, operating under an oil-and-gas lease from said land-
owner Joseph W. Littler, contracted with the defendants
the Matthews Drilling Company and George N. Catterson
to drill a gas-and-oil well on said described land.   On the
aforesaid day the plaintiff and the defendant Catterson
entered into a contract by which the plaintiff was employed
to work on said well for $4.50 per day, which was the rea-
sonable value of his services.   The pleading then alleges
that the plaintiff continued to work in the construction of
the well in question until February 15, 1904, on which
date he was discharged by Catterson before the completion
of the work which he was performing.   The whole amount
due and unpaid for his labor or services is $96.75.   The
complaint discloses that within sixty days after perform-
ing the labor in controversy the plaintiff filed a notice in
writing in the office of the recorder of Grant county, Indi-
ana, declaring therein his intention to hold a lien on the
aforesaid described premises and also on the drilling ma-
chine situated upon said land and on the gas-and-oil well
and all pipes, tubing, etc., connected therewith, for the
amount due to him for said work.   The employment of
attorneys is averred, and judgment is demanded for the
amount due, principal, interest and attorneys' fees, and
for the foreclosure of a mechanic's lien.

The defendants, other than Littler and Huffman, were
defaulted and judgment was rendered against them.
The venue of the action was changed to the Wells
Circuit Court, wherein the cause was tried by the court

upon the issues joined by the separate answers of general denial filed by defendants Littler and Huffman.

On the evidence introduced the court found in favor of plaintiff for $121.25 and that he was entitled to a foreclosure of the lien involved. Over the separate motions of defendants for a new trial, the court rendered a personal judgment against all of the defendants to the action, and decreed that the lands described in the complaint, together with drilling machine, gas-and-oil wells, and all pipes, tubing and casting connected therewith be sold by the sheriff in like manner as lands and property are sold on an execution at law. The proceeds arising out of said sale were ordered to be applied by the sheriff in payment and satisfaction of the amount due plaintiff, principal, interest and costs. From this judgment defendants Littler and Huffman prosecuted a term-time appeal to the Appellate Court.

The record does not disclose that either of appellants moved for a modification of the above judgment and decree. Each has assigned several alleged errors, but the only question discussed by their counsel and urged for a reversal of the judgment is that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. The record shows that appellee on the trial testified as a witness in his own behalf, and the following is substantially the material facts proved by the evidence.

Appellee was employed by the defendant Matthews Drilling Company on January 14 to work at drilling a gas-and-oil well on what he, in testifying at the trial, denominated the "Littler farm," which he stated was in section twenty-eight, township twenty-three north, range nine east, in Grant county, Indiana. He testified that he worked twenty-two and one-half days at $4.50 per day; that he commenced his work on the well in question on January 14 and continued his work thereon until February 15, on which day he was discharged. The well upon which he

worked was known as No. 2. He has received nothing on the amount due him for his work. On February 15, the day on which he quit work, he stated that he had a conversation with appellant Huffman, in which he told Huffman that he "looked to him for his money," and that Huffman in reply told him to file a lien. A copy of the lien which was filed in the office of the recorder of Grant county was introduced in evidence. It was agreed between the parties, in the event appellee was entitled to recover, that $25 would be a reasonable sum to be allowed for attorneys' fees.

A certified copy by the county auditor of certain transfers of real estate was introduced in evidence for the purpose of proving that appellant Joseph W. Littler was the owner of the real estate upon which the gas-and-oil well in controversy was located. A certain contract, or lease, was introduced in evidence. This instrument bears date of October 15, 1896, and was entered into by and between Joseph W. and Sarah E. Littler and William A. Walley, whereby said Littlers sold and assigned to said Walley all of the gas and oil in and under a certain tract of land in Grant county, Indiana, described as the east half of the southeast quarter of section twenty-eight, township twenty-three north, range nine east. The right is therein granted to said Walley to enter upon said land at all times for the purpose of drilling and operating for gas, oil or water, with the right and privilege of doing all and singular that which is necessary for said purpose, etc. This lease appears to have been duly recorded in the recorder's office of Grant county, Indiana. On October 31, 1896, said Walley made the following assignment of said contract, or lease:

"For value received I hereby sell, assign and transfer to the Consumers Gas Trust Company all of my right, title and interest in and to the within lease.

William A. Walley."

This assignment was duly acknowledged before a notary public on October 31, 1896, and was recorded in the

recorder's office of Grant county, Indiana, and was introduced in evidence on the trial. The above was all of the evidence given in the cause.

It is certainly manifest that it is, for several reasons, insufficient to sustain the decision of the trial court. As previously shown, the complaint, after averring that Joseph W. Littler on January 14, 1904, was, and still is, the owner in fee simple of the real estate described, then proceeds to allege that on said date the defendant William H. Huffman, "operating under an oil-and-gas lease from said owner, Joseph W. Littler, contracted with George N. Catterson and the Matthews Drilling Company to drill a gas-and-oil well on the above-described lands;" that on said January 14 George N. Catterson employed the plaintiff at and for the price of $4.50 per day to work in constructing the aforesaid well. The principal theory of the complaint appears to be to enforce or foreclose a mechanic's lien against the lease-hold interests of Huffman, which the latter acquired in the lands under the lease from the Littlers, but the evidence in the case wholly fails to prove that Huffman owned or had any interest whatever, by lease or otherwise, in the lands or other property upon which it was sought to enforce the lien in controversy.

The evidence shows that Joseph W. and Sarah E. Littler executed the gas-and-oil lease upon these lands to William A. Walley, and that he subsequently assigned and transferred all of his interest, right and title in and to. the lands to the Consumers Gas Trust Company, which company, so far as the evidence discloses, is still the owner and holder of said lease under this assignment. There is absolutely no evidence tending to show that Huffman in any manner succeeded to any of the interests or rights under the lease to said premises from the Consumers Gas Trust Company, or any other person; or, in other words, there is an entire absence of any evidence to show that he, at the time he let the contract to Catterson and the Matthews

Drilling Company to drill the well in question, or at any time thereafter, had or held any interest or title to the leased premises or was in any manner operating under the lease executed by the Littlers to Walley.

Again, the evidence does not establish that Huffman either expressly or impliedly employed or in any manner authorized or directed Catterson or the Matthews Drilling Company to construct the well about which appellee was employed by said company, or that Huffman had any knowledge or notice that it was being constructed during the time appellee was employed thereon. If the evidence were sufficient to show that Huffman was the lessee of Littler, the owner of the land, and that he had contracted or directed the drilling or construction of the well, as alleged in the complaint, upon which appellee was employed, the lien that might have been created in the latter's favor so far as the lands in question could thereby be charged, would only extend to and affect the lease-hold interest which Huffman owned or had therein under the lease from the owner. §§7255, 7256 Burns 1901, Acts 1899, p. 569, Acts 1889, p. 257, §2; *McCarty* v. *Burnet* (1882), 84 Ind. 23, and cases there cited; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. Rep. 218; *Adams* v. *Buhler* (1888), 116 Ind. 100. And see Phillips, Mechanics' Liens, §§65, 83, 84, 112, 191, 305, 306.

In *Adams* v. *Buhler, supra,* this court, in considering the mechanic's lien therein involved, said: "Mechanics' liens rest upon contract, express or implied, with the owner or other person whose interest in the real estate it is proposed to bind or affect by the lien, and while persons who perform labor or furnish material for a contractor may secure a lien upon the real estate or building, by notifying the owner and taking the other necessary steps, it is nevertheless essential to the sufficiency of a complaint to foreclose such a lien that it should appear

therein who owned the real estate, or the interest to be affected, at the time the building was erected, and that it was erected in pursuance of a contract, express or implied, with such owner. *Lawton* v. *Case* [1880], 73 Ind. 60; *Neeley* v. *Searight* [1888], 113 Ind. 316; *City of Crawfordsville* v. *Brundage* [1877], 57 Ind. 262."

It cannot be asserted that the complaint under the facts therein alleged seeks to secure, in addition to a foreclosure of the lien, a personal judgment against either of appellants herein. The evidence is so clearly insufficient to establish the right of appellee either to a personal judgment or a decree foreclosing the lien in controversy as against appellants that nothing in reason can be said to the contrary.

For the insufficiency of the evidence the judgment of the lower court, so far as it affects appellants, or either of them, is in all things reversed, and the cause is remanded with instructions to grant each of the appellants a new trial, and for further proceedings not inconsistent with this opinion.