In the Matter of the Application of KATHERINE GROUT
for an Order Directing the Clerk of the Court of
Appeals to File the Certificate of the Commissioner of
Education Certifying that She Has Passed the Exam-
ination Prescribed in Rule IV of the Court of Appeals
for Admission to the Study of Law.

Attorneys — admission to the bar — law students who are not
graduates of a college or university — subjects in which such
students must be examined before beginning study for admission
to the bar.

1. Rule IV of the rules of the Court of Appeals regulating
admission to the bar, which prescribes the character of the exam-
ination which applicants who are not graduates of a college or uni-
versity must pass before entering upon a clerkship or attendance
at a law school, was framed with reference to the then existing
rules of the department of education relative to its examinations in
the studies therein mentioned. These rules prescribed those studies
in general terms, indicating by the language of the rule that specific
information as to the precise subjects of examination is to be
obtained by application to the regents.

2. The selection of physics as the scientific subject in which
law students must be examined was made by the judges of the
court in approving an existing rule of the department of education
prescribing physics as the proper branch of science to be embraced
in the preliminary studies of a law student, and a certificate show-
ing that an applicant has passed an examination in some other
science but not in physics is defective.

3. In ordinary usage economics is synonymous with political
economy, and is not embraced in the term history as generally
understood, or as that term was used in the rule under considera-
tion. A law student is not required to pass an examination in
economics under the rule in its present form.

(Argued December 7, 1914; decided January 26, 1915.)

MOTION for an order directing the clerk of the Court of
Appeals to file a certificate of the commissioner of educa-
tion and to issue a certified copy of the same.

*Edward M. Grout* for motion.

*Frank B. Gilbert* opposed.

WILLARD BARTLETT, Ch. J.   Rule IV of the Rules of the Court of Appeals Regulating Admission to the Bar prescribes that applicants, who are not graduates of a college or university, before entering upon a clerkship or attendance at a law school, "shall have passed an examination conducted under the authority and in accordance with the ordinances and rules of the University of the State of New York, in English, three years; mathematics, two years; Latin, two years; science, one year; history, two years; or in their substantial equivalents as defined by the rules of the University, and shall have filed a certificate of such fact, signed by the Commissioner of Education, with the clerk of the Court of Appeals, whose duty it shall be to return to the person named therein a certified copy of the same showing the date of such filing."

The applicant, Miss Katharine Grout, has presented to the clerk a certificate signed by the acting commissioner of education on October 9th, 1914, which shows that she has passed examinations conducted under the authority and in accordance with the ordinances and rules of the University of the State of New York in English, three years; mathematics, two years (algebra and plane geometry); Latin, two years; science, one and one-half years (advanced botany); and history, two years (American history with civics and history of Great Britain and Ireland, five hours course).

The clerk has refused to receive this certificate and place it on file because it does not show that the science therein mentioned was physics or that economics was included in the two years of history.

In behalf of the applicant it is asserted that the requirement of rule IV in respect to science may be

complied with by passing an examination in *any* science, and that the rule does not prescribe any examination whatever in economics.

The requirements of the rule in reference to these regents' examinations are general in terms and show on their face the necessity on the part of the candidate for admission to the bar for further information than is conveyed by the language of the rule itself. Take, for example, the phrase "mathematics, two years." The applicant presented herself for examination in algebra and plane geometry thereunder; but she could not have ascertained that these were the prescribed mathematical studies without recourse to some source of information outside the rule. Likewise in requiring "history, two years," there is no indication on the face of the rule as to what history is intended, although the applicant seems to have ascertained correctly that American history with civics and the history of Great Britain and Ireland were meant. The simple fact is, that when rule IV was framed the judges of the Court of Appeals had before them the then existing rules of the department of education in reference to its examinations in the studies therein mentioned; and they prescribed those studies in general terms, indicating by the language of the rule that specific information as to the precise subjects of examination was to be obtained by application to the regents. If Miss Grout had inquired of the department of education what was the science in which it examined law students under rule IV she would undoubtedly have been informed in accordance with the facts that it was physics. The selection of physics as the scientific subject in which law students must be examined was not made, as the learned counsel for the applicant seems to suppose, by the regents under authority assumed to be delegated to them by the Court of Appeals; but it was made by the judges of the Court of Appeals themselves in approving an existing rule of the department of education prescribing physics

as the proper branch of science to be embraced in the preliminary studies of a law student. It is undoubtedly true that advanced botany is as much a science as is physics. It might also be said that mental arithmetic is as truly mathematics as are algebra and plane geometry; yet no one would suggest that rule IV where it mentions "mathematics, two years," was designed to permit a law student to offer mental arithmetic as a compliance with any part of that requirement. All the scholastic phrases employed in that rule are technical and plainly refer by implication to the regulations of the department of education. The expression "English, three years," or "mathematics, two years," or "Latin, two years," in and of themselves convey no definite idea of the precise and specific character of the studies required; reference must be had to the examining authorities to learn exactly what is meant.

That this has been understood generally is manifest from the fact that the present case is the first one which has ever been brought to our attention in which any difficulty appears to have been experienced in ascertaining what was meant by the rule. The inference is that other students have sought the requisite information from the department of education and in every instance have readily obtained it. It does not satisfactorily appear why Miss Grout did not pursue the same course so obviously indicated by the phraseology of the rule.

So far, therefore, as science is concerned, we think her certificate was defective. On the other hand, there is no authority in the department of education to add economics to the history requirement. In the ordinary usage of the present day economics is synonymous with political economy, and is not embraced in the term history as generally understood, or as that term was used in the rule under consideration. A law student is not required to pass an examination in economics under the rule in its present form.

For the reasons which have been stated, however, the certificate of the applicant is insufficient so far as her examination in science is concerned and the clerk, therefore, properly refused to place it on file. Hence the application must be denied.

HISCOCK, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; WERNER, J., absent.

Application denied.