FLETCHER AVENUE SAVINGS AND LOAN ASSOCIATION
*v.* ROBERTS ET AL.

[No. 14,815.  Filed February 15, 1934.  Rehearing denied
June 28, 1934.  Transfer denied November 1, 1934.
Petition to reconsider denied November 20, 1934.]

*Herman W. Kothe, Grier M. Shotwell, Joseph K. Brown,* and *E. L. Johnson, Jr.,* for appellant.

*Means & Buenting,* for appellees.

DUDINE, J.—On February 18, 1928, appellee Stilling L. Schory, who was then the owner of the real estate involved in this action, obtained a loan from appellant, and mortgaged said real estate to appellant to secure the repayment of said loan. Later, said mortgagor, being in default in the payment of said loan in lieu of foreclosure, and at appellant's request, conveyed said real estate to appellee John K. Parry, appellant's employee, subject to said mortgage.

At the time of said conveyance to Parry, appellant made a contract with appellee Daniel Bohannon by which contract Bohannon agreed to make certain repairs on buildings situated on said premises; and appellant agreed to "give Daniel W. Bohannon, his heirs or assigns when above repairs are made and all bills for labor and materials are fully paid, a deed to (the real estate involved in this action) and agrees to loan the said Bohannon the sum of $3000 out of which the balance on the present loan to Stilling Schory on the real estate described is to be paid." This contract was executed by appellant and Bohannon. Parry was not a party to it, and knew nothing about it. Parry knew nothing about the conveyance of said property to him, until after the deed was made. He had never seen the property, knew nothing about it, and was not interested in it.

Bohannon proceeded to comply with the contract, personally incurred obligations to some of the appellees for labor and materials which went into the repair of said buildings, but did not finish the job, and did not pay said appellees for said labor and materials. All of said appellees who furnished said labor and materials filed notices of their intentions to hold mechanic's liens

against the premises to secure the payment of said obligations.

This action was instituted by appellee Roberts. In his complaint he alleged facts sufficient to authorize a foreclosure of a mechanic's lien on said premises for labor performed, and prayed foreclosure of such lien. The other appellees who had furnished said labor and materials filed cross-complaints with similar allegations and prayers. Appellant filed a cross-complaint setting up its mortgage and praying a foreclosure thereof. The issues were closed with answers in general denial; trial was had by the court who rendered judgment that each of said appellees who had furnished said labor and materials recover judgment against appellee Bohannon on their respective complaint and cross-complaints in specified amounts, and that the mechanic's liens of each of said appellees who had furnished said labor and materials are prior and superior to appellant's mortgage lien; that appellant have judgment against Schory, and that the property be sold and the proceeds applied to the payment of said judgments.

Appellant seasonably filed a motion for new trial, assigning two grounds viz: (1) the decision is not sustained by sufficient evidence, (2) the decision is contrary to law. Said motion was overruled, and hence this appeal. The only error assigned upon appeal is that the trial court erred in overruling said motion.

There is but one question involved in this appeal and that is, whether or not the court erred in holding that the mechanics' liens were prior and superior to appellant's mortgage lien.

Appellant contends, "The priority of lien arising through the earlier execution and recording of appellant's said mortgage . . . could not be impaired by the subsequent acquisition of title to the mortgaged real estate by a third party (Parry), designated (by appel-

lant) to receive the same for the mortgagee, *so as to prevent a merger of the mortgage lien and title of the real estate . . . ,*" and cites several authorities on the question of merger of mortgage liens with after acquired title, to show that its mortgage lien did not merge with the title conveyed to Parry.

The judgment of the trial court can be affirmed without determining whether or not there was such merger.

Section 9832, Burns 1926, §43-702, Burns 1933, §10506, Baldwin's 1934, provides that: "The entire land upon which any building, erection or other improvement is situated, . . . shall be subject to (mechanic's) lien to the extent of all the right, title and interest owned therein by the owner thereof, for whose immediate use or benefit such labor was done or material furnished; . . ."

Section 7256, Burns R. S. of 1894 which is identical to said §9832, Burns 1926, was construed by this court in *Trueblood et al.* v. *Shellhouse* (1897), 19 Ind. App. 91, 96, 49 N. E. 47, wherein this court said "the (mechanic's) lien would attach to whatever interest the party for whose use the goods were furnished had at the time of their delivery, or what title he might . . . acquire."

In *Hines* v. *Hollingsworth-Young Hardware Co.* (1917), 178 Ky. 233, 237, 198 S. W. 716, the Court of Appeals of Kentucky determined whether or not a *cestui qui* trust, for whose benefit a trustee was holding real estate under an express trust, was an "owner" of the real estate within the meaning of mechanics' and materialmen's liens law of that state (Chap. 79, Sec. 2463, Carroll's Ky. Statutes), and in that case, that court said:

> "As a general rule, a mechanic's or materialman's lien may be imposed upon whatever interest, the individual, who contracts for the work or materials, may own in the property, upon which the

work is done or the materials used, whether the interest of such individual is a legal or equitable one. The lien may attach to an equitable interest in property, unless there is some condition in the title, under which the property is held, which prohibits the person, who owns the interest, to place the lien upon it. . . ."

In the instant case there was no condition in the title, under which the property was held by Parry, which prohibited the person who owned the equitable interest (appellant) to place a lien upon it. We approve and adopt said statements of the Court of Appeals of Kentucky as correct statements of *law*, and consider them applicable in the instant case. We commend a further consideration of the opinion of said court in said cause, in connection with the question involved in this case.

In *Choteau et al.* v. *Thompson et al.* (1853), 2 Ohio State 114 the Supreme Court of Ohio, in construing the word "owner" as used in the mechanic's lien law of that state (Acts of Ohio 1842, Vol. 41, p. 66) said, " . . . the word 'owner' . . . is not limited in its meaning to an owner of the fee, but includes, also, an owner of a leasehold estate. If the ownership is in fee, the lien is upon the fee; if it is of a less estate, the lien is upon such smaller estate. To hold that an owner in fee only is meant, would be directly subversive of the policy of the act, and in a great degree, render it useless."

Likewise, a holding that only the owner in fee could subject real estate to a mechanic's lien, under our mechanic's lien statutes, would be directly subversive of the policy of the statutes and render them useless in a great degree.

The Iowa mechanic's lien statute (Code, section 10270 [1]) defines the word "owner" as follows: ". . . every person for whose use and benefit any building, erection or other improvement is made, having the

capacity to contract, including a guardians, shall be included in the word 'owner.' "

There is nothing in our mechanic's lien statutes which indicates that the word "owner" was used in a narrow sense, meaning only owner of the fee; on the contrary the provision in section 9832, Burns R. S. 1926, §43-702, Burns, 1933, §10506, Baldwin's 1934, that "the entire land . . . shall be subject to lien to the extent of all the *right, title* and *interest* owned therein by the owner thereof . . ." (our italics) indicates that the word "owner" was used in a broader sense. If it was intended by the legislature to provide that only the holders of title in real estate could subject it to mechanic's liens, they should not have included the words "right" and "interest" in said provision as they did, because under such circumstances the words "right" and "interest" would be superfluous and not necessary to express the legislature's intention.

In construing statutes we must presume that the legislature intended each word used in the statute, to be necessary to express its intention, and we must regard such presumption until it forces us to an unreasonable construction of the statute, therefore we hold that the legislature intended to make not only the title subject to a mechanic's lien, but any right or interest, as well.

There is ample evidence in the record to sustain a finding that the conveyance to Parry was a conveyance to him as trustee for appellant; that at the time of entering into said contract with Bohannon for the repairs and improvements of the premises, appellant was sole owner of the equitable title thereto, or the real owner of the premises. Appellant having been the "owner" of the premises, and having contracted for the repairs and improvements, the premises were subject to the mechanics' liens, not only to the

extent of appellant's right and interest by virtue of the mortgage, but "to the extent of *all* (appellant's) right and interest . . ." in the premises.

Whether or not appellant still held a valid lien by virtue of the mortgage, after said conveyance to Parry, is questionable, and we do not decide, but if it were determined that said lien survived, it would be part of appellant's "right and interest" all of which was subject to the mechanics' liens.

Judgment affirmed.