NATIONAL BRICK COMPANY *v.* RUSSELL ET AL.

[No. 14,657. Filed June 7, 1934.]

*R. R. Pyatt* and *Alexander C. Pendleton,* for appellant.

*Rae M. Royce, Charles G. Bomberger, Lawrence L. Huffman, John H. Fetterhoff,* and *Dewey Kelley,* for appellees.

DUDINE, J.—This action was originally instituted by appellees Clare B. Russell and Sadie Russell, husband and wife, as a suit to quiet title. In the course of the litigation they dismissed their complaint. It will serve no good purpose to discuss the complaint.

Before the complaint was dismissed, appellant National Brick Company, appellee William Seliger, doing business as Seliger Electric Company, and appellee Beckman Supply Company each filed separate cross-complaints to foreclose mechanic's liens.

Appellant's and appellee Seliger's cross-complaints were each in two paragraphs. Hearings were had on their first paragraphs of cross-complaint, and the court found against them on their respective first paragraphs of cross-complaint and rendered judgment accordingly. They do not appeal from the judgment on their first paragraphs of cross-complaint.

Appellee Beckman Supply Company's cross-complaint was in four paragraphs.

For convenience, appellees, Clare B. Russell and Sadie Russell, husband and wife, will hereinafter be referred to as "Russells," and appellee William J. Seliger, doing business as Seliger Electric Company, will be referred to as appellee Seliger.

The Russells filed separate and several demurrers to each of said cross-complaints, except appellant's and appellee Seliger's first paragraphs of cross-complaint. The ground of each of said demurrers was that the respective cross-complaints did not state facts sufficient to constitute a cause of action. Each of said demurrers were sustained. Each of said cross-complainants having refused to plead further, the court found against each of them on their respective cross-complaints, and rendered judgment accordingly, whereupon appellant perfected this appeal, assigning as its sole error, the sustaining of said demurrer against its second paragraph of cross-complaint.

Appellees Seliger and Beckman Supply Company each filed a cross-assignment of errors, assigning the court's rulings on the respective demurrers to their respective cross-complaints as the sole errors relied upon.

The Russells filed a motion to strike from the files the cross-assignment of errors of each, appellee Beckman Supply Company, and appellee William J. Seliger, doing business under the firm name and style of Seliger Electric Company, and the briefs thereon, which motion contained two specifications. The motion has been overruled as to the first specification. This court now overrules said motion as to the second specification.

The second paragraph of appellant's cross-complaint alleged, "that on the first day of April, 1927, one Kathryn L. Arnold was the owner of the following described real

estate, to wit: . . . (description) . . . that on said date, the cross-defendant, Peter Szarmach, purchased said property from Kathryn L. Arnold, but that because and on account of the fact that there were certain judgments against the said Peter Szarmach, he caused said real estate to be conveyed to the cross-defendants, Victoria Karp and Stanley Karp, her husband.

"Cross-complainant further alleges and says that the cross-defendant, Clare B. Russell advanced Six Thousand ($6,000.00) Dollars toward the purchase price of said real estate, and that on the first day of April, 1927, he caused the said Victoria Karp, and the cross-defendant, Stanley Karp, her husband, to execute to him a mortgage for Six Thousand ($6,000.00) Dollars, and that thereafter on the 2nd day of April, 1927, he caused the said Victoria Karp to execute to himself and wife, the cross-defendant, Sadie Russell, a warranty deed for said real estate; that at the time of the execution of said deed, it was agreed by an agreement, either written or oral, the exact nature of which cross-complainant is unable to state because of the fact that said information was solely within the knowledge of said cross-defendants, between the cross-defendant, Clare B. Russell, and the cross-defendant, Peter Szarmach; that upon the repayment to him the said Clare B. Russell, of said sum of Six Thousand ($6,000.00) Dollars, together with interest thereon and any other moneys which he should advance for taxes or any other expenses of said property, that he, the said Clare B. Russell, and his said wife, Sadie Russell, would convey said real estate to the said Peter Szarmach or to such other person as he should direct.

"Cross-complainant further alleges and says that ever since said conveyances on to wit: April 2nd, 1927, from the cross-defendants, Victoria Karp and Stanley Karp,

her husband, to the said cross-defendants, Clare B. Russell and Sadie Russell, husband and wife, that the record title to said real estate has been in the name of said Clare B. Russell and Sadie Russell, but that the cross-defendant, Peter Szarmach has at all times remained in full, open, notorious and adverse possession of said real estate.

"Cross-complainant further alleges and says that after the said Peter Szarmach entered into possession of said real estate, he caused plans to be prepared for the erection and construction of an apartment building on said real estate; that said plans were from time to time exhibited to the said cross-defendant, Clare B. Russell, and changes were made therein pursuant to his suggestion, and that thereafter the said cross-defendant, Peter Szarmach, commenced the erection and construction of an apartment building on said real estate; that the cross-defendant, Clare B. Russell and Sadie Russell, both had knowledge of the erection and construction of said building during the construction thereof and never at any time made any protest against the same.

"Cross-complainant further alleges and says that this cross-complainant furnished certain building materials to the cross-defendant, Peter Szarmach, of the value of One Thousand Nine Hundred Twenty-six ($1,926.00) Dollars, as set forth in a statement hereto attached, marked Exhibit A. and made a part hereof; that the cross-defendant, Peter Szarmach, has wholly failed and neglected to pay the same; that there is now due and owing from said cross-defendant to this cross-complainant, the sum of One Thousand Nine Hundred Twenty-six ($1,926.00) Dollars for said materials which were furnished for and used in the erection and construction of said apartment building as aforesaid.

"Cross-complainant further alleges and says that be-

cause and on account of having furnished said materials, which were furnished and used as aforesaid, it became and was entitled to a Mechanic's lien upon said real estate, and that within sixty (60) days after the last delivery of said materials, on to wit: the first day of November, 1929, it filed a notice of its said mechanic's lien in the Recorder's office of Lake County, Indiana, a copy of which notice is hereto attached, marked "Exhibit B," and made a part hereof."

Said cross-complaint prayed judgment against Peter Szarmach in the sum of $1,926.00, and a foreclosure of its mechanic's lien against the Russells.

The allegations and prayer of the appellee William J. Seliger's second paragraph of cross-complaint, and of appellee Beckman Supply Company's third and fourth paragraphs of cross-complaint were similar in legal effect to the allegations and prayer in appellant's second paragraph of cross-complaint.

This appeal presents the question whether or not said cross-complaints alleged sufficient facts to show that the building erected on the real estate was for the "immediate use or benefit" of the Russells so as to subject their title to a mechanic's lien under Sec. 9832, Burns 1926, §43-702, Burns 1933, §10506, Baldwin's 1934.

Said cross-complaints do not allege any facts which show that cross-defendant Szarmach had authority or power to bind Russell's interest in said property. See *Robert Hixon Lumber Co.* v. *Rowe* (1925), 83 Ind. App. 508, 149 N. E. 92, and authorities therein cited.

In that case this court said: "In order that a lien may attach to real estate, under . . . (Sec. 9832, *supra*,) . . . for material used in the construction of a building erected thereon, it is necessary that the material be furnished by authority and direction of the owner, and something more than inactive consent of the owner is necessary in order

that such a lien may be acquired against him." Citing *Toner* v. *Whybrew* (1912), 50 Ind. App. 387, 98 N. E. 450; *Holland* v. *Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823. See also *Better Homes Co.* v. *Hildebrand Hdw. Co.* (1929), 202 Ind. 6, 171 N. E. 321.

It is contended that the allegations in the cross-complaints that "it was within the contemplation of the parties that a building would be erected on said ██ real estate by the said Peter Szarmach . . . that he (Peter Szarmach) caused plans to be prepared for the erection and construction of an apartment building on said real estate; that said plans were from time to time exhibited to said cross-defendant Clare B. Russell, and changes were made therein pursuant to his suggestion . . . that cross-defendants Clare B. Russell and Sadie Russell both had knowledge of the erection and construction of said building during the construction thereof and never at any time made any protest against the same," showed active participation by the Russells.

Of all the Indiana cases the case of *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind App. 27, 108 N. E. 883, is the most favorable to said contention. In that case mechanic's lien claimants had furnished labor and materials for the repair of a hotel, which was in charge of one Smith and his wife, under a contract of purchase which contract required Smith and his wife to make the repairs within a certain time, for which repairs the owner should not be liable. The contract provided that the sum expended for the repairs by the persons in charge should be forfeited if the contract of purchase was not consummated. The contract was not consummated. The property was surrendered to the owner. The court held that the claimants were entitled to a mechanic's lien as against the owner.

As was said by this court in that case, "The remedy

invoked by appellees to enforce the collection of their claims is statutory, and is in derogation of the common law, and he, who relies upon the statute, must, in order to be successful, bring himself within its provision." We think the court held in that case that the claimants had brought themselves within the provisions of the statute because the evidence showed that, "At the time appellants (owners) entered into the contract with Smith and his wife, they realized that the hotel building needed repairing, and evidently to better their security during the interim until Smith and his wife would be in shape to convey to them the Indianapolis property (as agreed in the contract of purchase) they (owners) exacted of them the repairing of the hotel. While the material was being furnished and the labor performed they (owners) knew it was doubtful as to whether the conveyance would be finally consummated." (Quoting from said opinion.)

We think the instant case is distinguishable from said case. There are no allegations in the cross-complaints which show that the Russells desired more security than the bare real estate. The cross-complaints allege that the Russells had "advanced $6,000.00 toward the purchase price of said real estate."

That allegation, standing alone, is not subject to the construction that the real estate, without the building, was not ample security for said advance. Cross-complainants did not allege any facts which show that the real estate, without the building, was not ample security for said advance. In the Rader case this court held that the repairs were made for the immediate use or benefit of the owner, inasmuch as they required the repairs to be made, having in mind the betterment of their security. In the instant case it was not alleged that the Russells required the improvement to be made, nor that they had in mind the betterment of their secur-

ity, when they, with Szarmach, contemplated the erection of the building by him, or when they suggested changes in the plans and specifications.

The facts alleged in said cross-complaints constitute nothing more than "inactive consent" on the part of Russells.

Other attacks are made on the court's rulings on the demurrers, but having concluded that the cross-complaints were subject to demurrer for the reason herein given, it becomes unnecessary to discuss said other contentions.

Appellee Beckman Supply Company's first and second paragraphs of cross-complaint were not as "strong" as its third and fourth paragraphs. The law herein announced is applicable to said first and second paragraphs of cross-complaint, and under said law we hold the court did not err in sustaining the demurrers to either of said paragraphs of cross-complaint.

We deem it expedient to note that we do not hereby hold that said cross-complaints do not state a good cause of action to foreclose mechanics' liens, as against cross-defendant Peter Szarmach.

No error having been shown, the judgment is affirmed.