ABRAMS *v.* SILVER ET AL.

[No. 14,844. Filed April 20, 1936.]

*Joseph A. Hogan* and *Seymour Weisberger,* for appellant.

*Sol S. Silver, Vernon C. Hastings* and *Graham, Crane & Elliott,* for appellees.

CURTIS, C. J.—This was an action brought in the St. Joseph Superior Court by appellant, Alfred R. Abrams, seeking a judgment for $1,700.00 against Sol S. Silver and May T. Barnum, appellees, and praying that the amount be declared a lien against the real estate owned by appellee May T. Barnum, and that said lien be foreclosed.

The cause was tried by the court without a jury on the appellant's amended complaint and an answer in general denial thereto. The court found for the appellant against appellee Sol S. Silver in the sum of $1,913.68, for which amount judgment was rendered. The court also found that appellant take nothing by his complaint against appellee May T. Barnum, and judg-

ment was so rendered in favor of appellee May T. Barnum.

The appellant filed his motion for a new trial which was overruled and this appeal was then prayed and perfected, the only error assigned being the ruling of the court upon the said motion. The causes or grounds assigned under the said motion are that: "(1) The finding of the court is not sustained by sufficient evidence. (2) The finding of the court is contrary to law."

On September 24, 1929, May T. Barnum, the owner of a building in South Bend, Indiana, entered into a contract with the appellee Sol S. Silver for a lease for five years, the first floor to be used for a jewelry store, the second floor to be sub-let for office or residence purposes. The lease contained the following clause: "The tenant is hereby granted the right, and agrees, to change the front of the premises herein mentioned, subject to the approval of the owner, which approval is hereby granted, to be paid for by the tenant." Silver, desiring to remodel the front of the building, entered into a contract with the appellant Alfred R. Abrams. In this contract Abrams specifically reserved his right to file a mechanic's lien. The remodeling cost amounted to the sum of $1,662.00 for which the appellant accepted notes from Silver, payable each month in the sum of $100.00 except that the last note was for the balance, to-wit: $62.00. Silver, on October 15, 1929, made an assignment of the lease to Abrams as security for the payment of said notes, and this assignment was consented to by the owner, May T. Barnum. Silver fell behind in his payments and Abrams brought this action.

It is needless to say that if there is competent evidence or if legitimate inferences can be drawn from such evidence to sustain the decision of the court that this court will not weigh the evidence and substitute its judgment for the judgment of the

trial court. The appellant himself testified that he never discussed the matter of the remodeling with either the said Barnum or her agent Hastings. The appellant in his contract with Silver did, however, reserve the right to assert and foreclose a mechanic's lien on the fee but we think the lower court was sustained by the evidence in the finding which it evidently made that the appellee Barnum knew nothing about such an arrangement and did not consent thereto. Under such circumstances the trial court proceeded without doubt to determine next whether or not the law would create and enforce for the benefit of the appellant a lien on the real estate of the appellee Barnum growing out of the transactions of the parties. The case of *Holland et al.* v. *Farrier* (1921), 75 Ind. App. 368, 130 N. E. 823, was most likely a persuasive authority upon which the trial court relied. This court there said (p. 376) :

> "In order that a lien may attach to real estate for material used in a building erected thereon, it is necessary that such material should be furnished by the authority and direction of the owner, and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against it."
>
> ". . . the mechanic is chargeable with notice that the agent is not the owner, and having that notice while dealing with a person not having the title, or being clothed with the evidences of title, he should ascertain the source and extent of the authority before contracting, and, failing to do so, he should bear the consequences of his negligence."
>
> "We know of no reason why these rules are not applicable to a tenant as well as to one in possession under contract of purchase."

We approve the language above quoted from the Holland case, *supra*. See also *Granite Improvement Company* v. *O'Haver* (1928), 87 Ind. App. 655, 156 N. E. 586; *National Brick Company* v. *Russell et al.* (1934), 99 Ind. App. 53, 190 N. E. 614; *Better Homes Company*

v. *Hildebrand Hardware Company et al.* (1930), 202 Ind. 6, 171 N. E. 321. We do not feel called upon to discuss at any more length the principles of law, so recently announced and adhered to in the cases just cited.

An examination of the record convinces us that the facts bring the instant case within the operation of the law thus announced and that the decision of the court is sustained by sufficient evidence and is. not contrary to law.

Judgment affirmed.