SNELLING ET AL. *v*. WORTMAN, REC., ET AL.

[No. 16,139. Filed January 23, 1940.]

*Hartell F. Denmure,* for appellants.

*Charles A. Lowe,* and *Robert A. Ritzmann,* for appellees.

STEVENSON, J.—This is an appeal from a judgment foreclosing a mechanic's lien against the appellants for labor and materials used in the erection of a house on the appellants' real estate.

After trial of the issues, the court rendered judgment in favor of the Bellefontaine Lumber Company for the sum of $662.04, together with $125.00 attorneys' fees and a judgment in favor of the Wright Lumber Company for $227.37, with $50.00 attorneys' fees. Foreclosure of the mechanic's lien was ordered and the real estate of the appellants was ordered sold to satisfy the judgments.

The error assigned in this court is the alleged error in overruling the appellants' motion for new trial. Under such assignment the appellants contend that the decision of the court is not sustained by sufficient evidence and is contrary to law. The facts as shown by the evidence disclose that the appellants, Joseph Snelling and Laura Snelling, were husband and wife and were owners of a small tract of real estate con-

sisting of approximately eight acres in Dearborn County, Indiana. The appellants had a married son named Raymond Snelling who was desirous of building a small house as a home for his family, and the appellants promised to convey to him a portion of the tract of real estate owned by them whereon he could erect such a structure. The son and his wife entered into a written contract with a corporation known as the Cincinnati Well-Built Homes Company, to which contract the appellants were witnesses, and by the terms of which contract the Cincinnati Well-Built Homes Co. agreed to construct a house for the sum of $1250.00. This contract was never performed and shortly after it was signed, the Cincinnati Well-Built Homes Co. ceased operations.

Shortly thereafter, a Mr. Harvey who had acted as agent for the Cincinnati Well-Built Homes Co. had a meeting with the appellants and their son and his wife with reference to the construction of this house by the Bellefontaine Lumber Company, appellee herein. At this meeting a contract was entered into whereby it was agreed that the Bellefontaine Lumber Company should construct the house under the same plans and specifications and for the same price as had been agreed upon with the Cincinnati Well-Built Homes Co. Pursuant to such an arrangement, the house was completed. The Bellefontaine Lumber Company, appellee herein, in due time filed a mechanic's lien for labor and materials furnished in such construction. The J. C. Wright Lumber Company also filed a lien for materials furnished by them.

It is contended by the appellants that they were not parties to the contract under which the house was constructed and the materials furnished, that they never at any time promised or agreed to pay the contract price for such services and that they never au-

thorized the building of this house upon their land. The appellants contend that the evidence shows nothing more than an inactive consent on their part as to the building of this structure. They further contend that in the absence of some evidence to show that they, as owners of the real estate, authorized and directed the construction of the building, there can be no liability against them or their real estate for the improvement made.

The law governing the liability of the owner of real estate for improvements made thereon seems to be well established. This court has frequently held that:

" 'In order that a lien may attach to real estate for material used in a building erected thereon, it is necessary that such material should be furnished by the authority and direction of the owner, and something more than mere inactive consent on the part of such owner is necessary in order that such lien may be acquired against it'." *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 99, 1 N.E. (2d) 286. See also *Courtney* v. *Luce* (1936), 101 Ind. App. 622, 200 N.E. 501; *Natl. Brick Co.* v. *Russell* (1934), 99 Ind. App. 53, 190 N.E. 614; *Morgan* v. *Brightwood Lumber Co.* (1937), 104 Ind. App. 4, 7 N. E. (2d) 525.

This same rule is announced by our Supreme Court in the following language:

"Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of the property. But where the vendor has been active and instrumental in having the improvements made, the lien will attach to the real estate where the vendee failed to carry out his contract of purchase." *Better Homes Co.* v. *Hildebrand Hardware Co.* (1930), 202 Ind. 6, 11, 171 N.E. 371.

It will be noted from the above language that the lien may attach if the owner of the real estate has been active and instrumental in having the improvements made. It is therefore necessary for us to determine whether there is any evidence in the record which shows the appellants to have been active and instrumental in securing the erection of this building. If there is such evidence then under the well-recognized rules, this court will not weigh the evidence and reverse the finding of the trial court upon a disputed question of fact. *Wickerham* v. *Woehlecke* (1935), 100 Ind. App. 270, 195 N.E. 291; *Prudential Ins. Co.* v. *Martin* (1936), 101 Ind. App. 320, 196 N.E. 125; *Butz* v. *Lyle* (1936), 101 Ind. App. 331, 197 N.E. 700; *Abrams* v. *Silver,* supra.

There is testimony in the record to the effect that the appellants met with the agent and salesman for the appellee, Bellefontaine Lumber Company, together with their son and daughter-in-law, at which time the appellants told the agent of the appellee to go ahead and build this house and they would pay for the same; that they intended to deed one acre of ground where the house was to be erected to their son. There is further evidence that the appellant, Joseph Snelling, attempted to negotiate a loan with a loan company for money with which to pay for this construction and the appellant reported that he could not get the money to pay for the house until the house was completed. He further stated to the appellees that he would make a payment on this contract as soon as he sold some hogs. The evidence further discloses that the carpenters engaged in the construction of this building boarded at the home of the appellants. The appellants made payments direct to these carpenters from their own funds for their labor. There is further evidence to the effect that the

appellant, Joseph. Snelling, constructed the foundation of this house himself, acted in a supervisory capacity during the entire time the building was being constructed, gave orders and made changes from time to time with reference to its construction, painted the house when it was completed and at all times was in active charge of the building program. Payments totalling approximately $260.00 were made by the appellants on the $1,150.00 balance due on the contract after the work was begun.

In the light of such evidence, it is our opinion that the conduct of the appellants amounts to more than a "mere inactive consent" on their part and the court was warranted in finding that the improvement was made by the authority and under the direction of the appellants.

The decision of the court is in our opinion sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.