THE DALLAS COMPANY, INC., THE DALCO ELECTRIC CORPORA-
TION, TRACY CONSTRUCTION, INC. *v.* WILLIAM TOBIAS STUDIO,
INC., WILLIAM TOBIAS, ROBERT J. MOORE AND ARTHUR C.
SCHRADER, JR., D/B/A MOORE-SCHRADER REALTY CO., PRYCE
LOUDEN AND LOIS LOUDEN, STANDARD FEDERAL SAVINGS AND
LOAN ASSOCIATION.

[No. 2-673A138. Filed November 14, 1974.]

*Eugene H. Yockey, William F. LeMond, Kammins, LeMond,
Carson & Stewart,* of Indianapolis, for appellants The Dallas

Company, Inc., The Dalco Electric Corp., *Joseph P. Sullivan, Eugene H. Yockey,* of Indianapolis, for appellant Tracy Construction, Inc., *Thomas A. Deal, Raikos, Melangton, Dougherty & Christ, Keith L. Andrews, DeWester, Raftery, Andrews & Hall,* of Indianapolis, for appellants William Tobias Studio, Inc., William Tobias.

*Carl T. Reis, White, Raub, Reis, Wick & Riegner,* of Indianapolis, for appellees Robert J. Moore and Arthur C. Scharader, Jr. d/b/a Moore-Schrader Realty Co. and Standard Federal Savings and Loan Assn., *John T. Rocap, Bruce M. Pennamped, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellees Pryce Louden and Lois Louden, *William W. Houppert, Reddington, Fisher, Houppert & Doyle,* of Indianapolis, for appellee Standard Federal Savings and Loan Assn.

CASE SUMMARY

BUCHANAN, J.—This is a consolidated appeal by the Appellants, The Dallas Company, Inc., The Dalco Electric Corporation, and Tracy Construction, Inc., (Contractors) who appeal from a summary judgment entered against them on their complaints to foreclose mechanics liens claiming there existed a genuine issue of material fact as to whether or not each of the Appellees,[1] Moore-Schrader Realty Co. (Moore-Schrader), Standard Federal Savings and Loan Association (Standard), and Pryce and Lois Louden (Loudens), actively consented to the construction of certain improvements by the Contractors upon commercial property occupied by a lessee.

We reverse and remand.

FACTS

The facts based upon the pleadings, motions, affidavits, and counter-affidavits appear to be:

---

1. Pursuant to TR. 54(B) there was no final judgment as to William Tobias Studio, Inc., nor William Tobias, and consequently they are not proper parties to this appeal.

Prior to July 1, 1972, improvements were begun by the Contractors upon commercial property located at 2121 Production Drive, Indianapolis, Indiana. Then on July 1st Moore-Schrader, as lessors, entered into a lease agreement with William Tobias Studio, Inc. (Tobias), as lessee, to rent this commercial property to Tobias. On that date, July 1st, the Loudens were the owners of this real estate, but subsequently conveyed to Moore-Schrader. On August 23rd Moore-Schrader executed a mortgage to Standard.

In September, the Contractors timely filed their notice of intent to hold mechanics liens on the property in question.

Thereafter, complaints to foreclose mechanics liens were filed by the Contractors, and also a complaint for breach of contract by Tobias. The actions were eventually consolidated for trial.

In December, 1972, Moore-Schrader and Standard filed Motions for Summary Judgment with supporting affidavits and the Contractors countered by filing a Reply with affidavits attached in opposition to these motions. Moore-Schrader subsequently filed additional affidavits. Although the lease between Moore-Schrader and Tobias was referred to in various affidavits, no sworn or certified copy was attached.

On January 16, 1973, the trial court entered judgment against the Contractors and in favor of all the Appellees (except the Loudens) specifically finding that there was no genuine issue as to any material fact, that the Appellees did not contract with the Contractors or authorize or direct them to supply labor or materials, and that they did not consent or approve any of the work done or in any way agree thereto; and further that the notice of mechanics lien was null and void and that the Contractors contracted wholly with Tobias.

The Loudens, on January 3, 1973, also filed a Motion for Summary Judgment with affidavits attached against the Contractors, which motion was granted by the trial court on April 10, 1973.

## ISSUE

Was a genuine issue of material fact presented as to whether the Appellees had knowledge of and actively consented to the improvements, and as to whether all the Appellees were necessary parties because they owned an interest in the real estate?  ·

The Contractors contend that by contract or otherwise the Appellees had full knowledge of and approved the construction of the improvements on the real estate, thereby allowing their lien to attach to the extent of the Appellees' interest in the commercial property.

In reply, Moore-Schrader and Standard assert the record demonstrates the absence of any authority or direction on their part to the construction of the improvements.

The Loudens response is they not only did not consent to the improvements but they no longer have any interest in the property in question to which mechanics liens could attach.

## DECISION

CONCLUSION—It is our opinion that genuine issues of material fact were apparently raised by the pleadings and the supporting affidavits, and summary judgment was therefore improper.

The theory of defense raised by the Appellees is drawn from *Snelling* v. *Wortman* (1940), 107 Ind. App. 422, 24 N.E.2d 791:

> " 'In order that a lien may attach to real estate for material used in a building erected thereon, it is necessary that such material should be furnished *by the authority and directions of the owner, and something more than the mere inactive consent on the part of such owner* is necessary . . .' *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 99, 1 N.E.2d 286, 287.
>
> *See also, Courtney* v. *Luce* (1936), 101 Ind. App. 622, 200 N.E. 501; *National Brick Co.* v. *Russell* (1934), 99 Ind. App. 53, 190 N.E. 614; *Morgan* v. *Brightwood Lumber Co.* (1937), 104 Ind. App. 4, 7 N.E.2d 525." (Emphasis supplied) 107 Ind. at 425, 24 N.E.2d at 792.

So there could be a material issue of fact if the materials and labor in question were furnished by the authority and direction of the Appellees, i.e., if they did something more than merely inactively consent.

The first affidavits filed by Moore-Schrader stated that they did not contract with the Contractors nor did they authorize or direct them to supply labor and materials. The affidavit of Walter W. Houppert on behalf of Standard and the affidavit of the Loudens made essentially the same statement.

However, the affidavit of William A. Pappas, an officer of one of the Contractors, stated in part that:

". . . on July 1, 1972, the said Robert J. Moore and Arthur C. Schrader, Jr., for themselves and as agents for the aforesaid Pryce Louden and Lois Louden, entered into a lease contract with William Tobias and Tobias Studios, Inc. . . .; that said lease provided that the lessors granted express authority to the lessee to make improvements, install fixtures, partitions and additional structural changes . . . and assented to the making of such improvements by the lessee."

"That thereafter, Tracy Construction, Inc. and its subcontractors, including The Dallas Company, Inc., performed work and furnished materials for the construction of improvements . . . at the instance and request of Tobias Studios, Inc., and with the express knowledge and consent of the owners and their agents as lessors . . ."

"That thereafter, while the aforesaid improvements were in progress, . . . Robert J. Moore and Arthur C. Schrader, Jr., with full knowledge of the construction being made on said real estate, negotiated for the purchase thereof; that defendant, Standard Federal Savings and Loan Association, caused an appraisal to be made on said real estate, and affiant disclosed fully to said appraiser, who was the agent of Standard Federal Savings and Loan Association, the plans and specifications for the improvements then in progress . . ."

"That prior to their acquisition of ownership of said property, and during the completion of the said improvements, Robert J. Moore and Arthur C. Schrader, Jr. had knowledge of and assented to said improvements; that Standard Federal Savings and Loan Association, through its agent as aforesaid had knowledge of and assented to the

making of said improvements prior to accepting a mortgage on said real estate . . ."

Pappas states that the Appellees "granted express authority", had "full knowledge", and "assented to" the construction of the improvements. The Appellees say they did not "contract with" or "authorize or direct" and did not "consent to or authorize" the making of the improvements.

This apparent issue of fact is accentuated by supplemental affidavits of both Moore and Schrader in which they state, "that at no time did he [they] agree, consent to, or approve any work allegedly done by the Tracy Construction, Inc. . . ." and "that at no time did affiant have any discussion with one William A. Pappas to the effect that he approved, consented or agreed to pay for any work allegedly done by Tracy Construction, Inc. . . ."

The affidavits of both Moore and Schrader go on to so violently disagree with the statement of Pappas as to charge that his statement "is slanderous and the statements therein amount to perjury".

Trial Rule 56 (C) prohibits exactly this kind of a " 'tis and 'tain't" factual issue. Summary judgment should be denied unless "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law".

Another factual issue seems to arise from Moore's statement in his affidavit, "that said lease did *not* require that lessee make any improvements of any kind or nature on the leased premises". Whereas, Pappas in his affidavit states that, "said lease provided that the lessors granted express authority to the lessee to make improvements, install fixtures, partitions and additional structural changes in said real estate, *and assented* to the making of such improvements by the lessee". So the provisions of the lease become pertinent to determine if it provides for the assenting by the lessor to the construction and improvements in such a way that the lessor

could be considered to have done something more than merely "inactively consent".

In this regard neither party followed the provision of Trial Rule 56(E) which requires that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith".

Also, our reading of the various affidavits of the parties further indicates that they fail to comply with the dictates of TR. 56(E), but to what extent we need not now determine.

Thus we can only conclude that there are conflicts in the affidavits, which present apparent factual issues . . . and are material because mechanics liens will attach to whatever interest[2] is held by the party or parties for whose use and benefit such labor and materials were actively requested, consented to, and authorized.[3] *Woods* v. *Deckelbaum* (1963), 244 Ind. 260, 191 N.E.2d 101, 102; *Better Homes Co.* v. *Hildebrand Hardwood Co.* (1929), 202 Ind. 6, 11, 171 N.E. 321; *Adams* v. *Buhler* (1888), 116 Ind. 100, 102, 18 N.E. 269; *Harris* v. *Mt. Vernon Lumber Co.* (1961), 131 Ind. App. 593, 173 N.E.2d 672, 675-676; *American Islam Society, Inc.* v. *Ulrich Decorating, Inc.* (1956), 126 Ind. App. 266, 271-272, 132 N.E. 620; *Snelling* v. *Wortman* (1940), 107 Ind. App. 422, 425, 24 N.E.2d 791; *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 1 N.E.2d 286, 287; *Courtney* v. *Luce* (1936), 101 Ind. App. 622,

---

2. "There is nothing in our Mechanic's Lien Statutes which indicates that the word 'owner' was used in a narrow sense, meaning only owner of the fee; on the contrary . . . 'entire land . . . shall be subject to lien to the extent of all the *right, title* and *interest* owned therein by the owner thereof . . .' (our italics)." [*Fletcher Ave. Savings & Loan Assn.* v. *Roberts* (1934), 99 Ind. App. 391, 396, 188 N.E. 794, 796]. *Also see, Potter* v. *Cline* (1974), 161 Ind. App. 349, 316 N.E.2d 422.

3. Active consent may be given by contract (express or implied), by authority and direction of the owners, by a party's agent—if authority exists, or by terms in a lease. *See, Littler* v. *Friend* (1906), 167 Ind. 36, 78 N.E. 238; *Adams* v. *Buhler* (1888), 116 Ind. 100, 18 N.E. 269; *American Islam Society, Inc.* v. *Ulrich Decorating, Inc.* (1956), 126 Ind. App. 266, 132 N.E. 620; *Abrams* v. *Silver* (1936), 102 Ind. App. 97, 1 N.E.2d 286; *Courtney* v. *Luce* (1936), 101 Ind. App. 622, 200 N.E. 501; *Robert Hixon Lumber Co.* v. *Rowe* (1925), 83 Ind. App. 508, 149 N.E. 92; *Toner* v. *Whybrew* (1911), 50 Ind. App. 387, 98 N.E. 450; *Littler* v. *Robinson* (1906), 38 Ind. App. 104, 77 N.E. 1145.

626, 200 N.E. 501; *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind. App. 27, 32-33, 108 N.E. 883; *Trueblood* v. *Shellhouse* (1897), 19 Ind. App. 91, 96, 49 N.E. 97.

So, whether or not active consent was given by Appellees apparently presented a genuine issue of material fact for the trial of fact to decide. *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688; *Wozniczka* v. *McLean* (1969), 144 Ind. App. 471, 247 N.E.2d 215; *Lows* v. *Warfield* (1971), 149 Ind. App. 569, 274 N.E.2d 553.

Secondly, and related to the issue of active consent, there is the apparent issue of material fact as to the exact interest of each Appellee:

  a) held at the time of commencement of the improvements, and

  b) held at the time of lien foreclosure.

The Dallas Company, Inc. (one of the Contractors), in their complaint, alleged:

> "That defendants, Pryce Louden and Lois Louden, are made defendants herein as rental agents for and on behalf of the owners of the property and are made defendants herein *as to any interest that they may have in said real estate.*" (emphasis supplied)

However, the Loudens, in their Motion for Summary Judgment stated:

> ". . . on *August 3, 1972, the real estate* which is the subject of this lawsuit *was conveyed by them* and became the property of defendant Robert J. Moore and Arthur C. Schrader, Jr., a Partnership doing business as Moore-Schrader Realty Company. . . ."
>
> "Consequently, defendants Pryce Louden and Lois Louden, husband and wife, *had no interest in the real estate* which is the subject of this lawsuit since *they were not the owners of the property* and were at no time the rental agents of the owners of said property." (emphasis supplied)

They then confused the issue by filing an affidavit in support of their Motion for Summary Judgment contradicting their previous statement, to-wit:

"That on *July 1, 1972,* defendants, Pryce Louden and Lois Louden, husband and wife, *conveyed all their right and interest* in said real estate described in 2 above to defendants, Robert J. Moore and Arthur C. Schrader, Jr., a Partnership doing business as Moore-Schrader Realty Company . . . [and] retained no land title, right or interest in the real estate. . . ." (emphasis supplied)

The confusion as to the interest of each party in the real estate is further aggravated by the absence from the record of any deed, contract, or other evidence of the exact interest, if any, of each party.

The interest of the Appellees in the real estate is material because the interest of any Appellee held at the time of the commencement of the foreclosure action would be subject to foreclosure if that interest holder actively consented to or authorized the construction, and this would be true regardless of subsequent conveyances or liens. For, to allow a timely filed mechanics lien[4] to be nullified by a subsequent transfer or lien would defeat the purposes and intent of the Mechanic's Lien Statute. *Toner, supra,* 50 Ind. App. 387, 392, 98 N.E. 450; *Rader, supra,* 59 Ind. App. 27, 32, 108 N.E. 83; *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N.E. 273, 277.

The interest held in the property by the Appellees at the time of foreclosure could be material because the lien attaches to the land to the extent of *all* interests held therein. Ind. Ann. Stat. § 32-8-3-2 (Burns Code Ed. 1973) ; *Potter* v. *Cline* (1974), 161 Ind. App. 349, 316 N.E.2d 422; *Fletcher, supra,* 99 Ind. App. 391, 188 N.E. 794; *Toner, supra,* 50 Ind. App. 387, 98 N.E. 450; *Krotz, supra,* 34 Ind. App. 577, 73 N.E. 273.

The interest of any person not made a party to the foreclosure action would, of course, not be affected by the judgment and subsequent sale. *Kellenberger* v. *Boyer* (1871), 37 Ind. 188; *Marvin* v. *Taylor* (1866), 27 Ind. 73; *Krotz, supra,*

4. Ind. Ann. Stat. § 32-8-3-3 (Burns Code Ed. 1973).

34 Ind. App. 577, 73 N.E. 273; *Leeper* v. *Myers* (1894), 10 Ind. App. 314, 37 N.E. 1070.

Consequently, a material issue of fact apparently existed as to the nature and extent of each interest held in the real estate—and when it was held.

There is no merit to the Loudens' position that because the Contractors did not reply in their counter affidavit on the subject of interest in the real estate there could be no genuine issue of material fact. The last sentence of Trial Rule 56 (C) is specific in this regard:

"Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and the testimony offered upon the matters placed in issue by the pleadings or such evidence."

*See also,*

*Kapusta DePuy Mfg. Co.* v. *DePuy Manufacturing Co.* (1968), 249 Ind. 679, 234 N.E.2d 487, 488; *McNabb* v. *Mason* (1970), 148 Ind. App. 233, 264 N.E.2d 623, 627.

We need look no further. From the record before us we can only hold that there could be genuine issues of material fact, and summary judgment was improper. Therefore, the trial court's judgment is reversed and remanded for further proceedings not inconsistent herewith.

Sullivan, P.J. concurs, and White, J., concurs in result only.

NOTE.—Reported at 318 N.E.2d 568.